AUSTIN L. BEEMAN v. NATHAN J. BLACK.

*Trespass—Boundaries—Immaterial facts—Evidence of new survey.*

In an action for removing wood from land of which the ownership is disputed by the parties in consequence of a disagreement as to the boundary, rulings relating to the ownership of the land or of the wood or excluding documentary proof of land contracts under which defendant claimed, become immaterial under a charge that the plaintiff cannot recover if the boundary is where defendant claims it to be.

Wood cut on land which has been for several years peaceably held under claim of title, is presumptively owned by the possessor until a better title is shown to exist in some one else.

Oral evidence of the acts of a county surveyor do not make them any more valid than the acts of any other surveyor; the requirements of Howell's Statutes §§ 616–619, relating to official surveys, must be met before any presumptions can be based on his actions.

Error to Berrien.    Submitted Jan. 3.    Decided Jan. 10.

TRESPASS.    Defendant brings error.    Affirmed.

*O. L. Jordan* and *Hampden Kelsey* for appellant.

*George S. Clapp* for appellee.

CAMPBELL, J.    Plaintiff recovered judgment against defendant for taking and carrying away 25 cords of wood. The controversy all turned on the boundary of the land where it was cut.    Plaintiff had been owner and possessor of a government subdivision of land on the north side of which was an old line with monuments and blazed trees, which had been there for many years.    Some time in the year before this wood was cut a new line had been run by a person who is said to have been county surveyor, who disregarded the old land-marks and cut off from plaintiff's former ostensible bounds a gore of wood two rods wide at one end, running to a point at the other.    The wood was cut in this tract.

Several questions relating to defendant's title to the wood became immaterial by reason of the charge of the court, which held that plaintiff could not recover at all if the boundary was where defendant claimed it to be. Any rulings as to the ownership of the land or the wood, if cut north of the true boundary, whether right or wrong in theory, would do no harm to defendant.

The same is true as to such rulings excluding the documentary proof of certain land contracts under which defendant claimed. He could not be harmed by this exclusion.

We find no other rulings on the admission of testimony which actually excluded anything material. And we find no admission of leading questions which went beyond the ordinary range of discretion.

We think there can be no doubt that wood, cut on land which has been for several years peaceably held under claim of title, is presumptively owned by the possessor till a better title is shown to exist in some one else. And in this case the Court did not require such title to be traced into a particular person, if the plaintiff's title was negatived.

The question as before intimated came down to the inquiry whether the new survey was more correct than the old.

The record does not show any attempt to comply with the statute which declares what action of county surveyors shall be evidence. Comp. L. §§ 587–590; *Smith v. Rich.* 37 Mich. 549. Neither the surveyor nor any official document issued or made by the surveyor, was produced, and therefore we need not consider how far they would have prevailed if produced. An attempt was made to show what he did by oral evidence. The court correctly held that oral evidence of his acts gave them no more validity than the acts of any other surveyor. The statute is very precise in prescribing jurisdictional requisites which he must comply with before his action raises any presumptions. Not only was there no such proof, some of which at least must be documentary, but there was some testimony tending to show a disregard of what he

should have respected. But it is enough that his action was not brought within the statute.

In this state of things the court went very far in allowing the jury to consider at all the propriety of the new survey. There is no evidence that we can discover which shows any sufficient *data* to connect it with the government surveys, or with any legal indications of correctness. The jury were warranted in their verdict that the new survey was not any more reliable than the old, if the matter was open at all, and we cannot review the facts.

We think there is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.