## SHERMAN v. KING.

Opinion delivered February 21, 1903.

BOUNDARIES—PAROL AGREEMENT TO FIX.—When the boundary lines between two estates is indefinite or unascertained, the owners may, by parol agreement, establish a division line, as the effect of such agreement is not to pass real estate from one party to another, but to define the boundary line to which their respective deeds extend.

Appeal from Johnson Circuit Court.

W. L. MOOSE, Judge.

Reversed.

### STATEMENT BY THE COURT.

Sherman and King were owners of adjoining tracts of land. The lines between these two tracts had been surveyed in 1869 by a surveyor employed by Odom, a former owner of the Sherman tract of land. The fences on the land afterwards conformed to the lines of this survey. After King became the owner of the other tract,

he had the land surveyed by one Laughlin, which survey showed that a portion of his tract was within the inclosure of Sherman. A controversy thus arose between King and Sherman as to the correct location of the line between them. They agreed to submit this controversy to arbitration, but, when the day set for the arbitration arrived, they were unable to find suitable arbitrators before whom to submit the matter. They then agreed that King should convey to Sherman a designated strip of land in front of Sherman's house and along that side of his land extending from the line of the Laughlin survey on that side to the line of the Odom survey and ten feet further for a price to be named by three arbitrators selected by the parties, and that the line between them at all other points should conform to the Laughlin survey. This agreement was made on the 28th of October, 1899, and each party was allowed until March, 1900, to make fences. The question of the price of the land was thereupon submitted to arbitrators on the same day, and they decided that Sherman should pay King eighteen dollars for the land. This sum was paid by Sherman, and King executed his deed conveying to Sherman the strip of land in front of Sherman's house. Afterwards, before the 1st of March, 1900, the time allowed for removing fences, King entered on the land, and removed a part of Sherman's fence, and threw the rails over on Sherman's land. Sherman rebuilt the fence, and from this and other matters a disagreement arose between the parties. Sherman then refused to abide by the agreement, or withdraw his fence to the lines of the Laughlin survey. King afterward brought suit to recover the land which he alleges belongs to him under the agreement establishing the lines of the Laughlin survey as the correct line between the parties. On the trial there was a judgment in favor of King, from which Sherman appealed.

*J. E. Cravens,* for appellant.

*J. H. Basham,* for appellee.

Irregular arbitration will be held good at common law, although not in compliance with the statute. 28 Ark. 519; 35 Ark. 316; 37 Ark. 348; 68 Ark. 82; *Id.* 580. Matters relating to the price of land may be submitted by patrol. 7 Cranch, 172; 2 Fairf. 326. A submission to settle a question of boundary need not be in writing. 16 Vt. 363; 7 Watts, 311. Appellant is concluded by his acquiescence. 6 N. H. 107; 25 Am. Dec. 452; 9 N. H. 473; 36 N. H. 575; 6 Allen, 63.

RIDDICK, J., (after stating the facts). This lawsuit arose out of a disagreement between two proprietors of adjoining land concerning the location of the boundary line between their estates. In this dilemma they agreed to settle the matter by establishing the lines of a survey made by one Laughlin as the correct boundary line between them, except on the front of the tract where one of the proprietors agreed to convey a strip of land to the other so as to give the other access to the public highway. The price to be paid for this strip was to be settled by arbitration. Now, this part of the agreement was executed. Arbitrators determined the price of the land to be sold, the party owning it conveyed the land specified to the other, and the other paid therefor the price named by the arbitrators.

Nothing remains except the removal of that portion of the boundary fence that did not conform to the line established between them by this agreement. If the plaintiff had shown by the evidence that the strip of land for which he sues was within his lines, as established by the agreement referred to, we think the judgment should be sustained; for, when the boundary line between two estates is indefinite or unascertained, the owners may by parol agreement establish a division line between them which will be binding upon them. This rule is founded on the principle that the effect of the agreement is not to pass real estate from one party to another, but simply to define the boundary line to which their respective deeds extend. 4. Am. & Eng. Enc. Law (2d Ed.) 860, and large number of cases there cited.*

So far as we can see, no valid reason is shown why the line, as established by the parties to this action, should not be binding upon them. But the burden of proof was on plaintiff to show that the land for which he sues was within his lines as established by the agreement, and we find in the record no sufficient proof of that fact. There were two witnesses who testified that they were present when the land was surveyed by Laughlin, but they do not say that according to that survey the land in controversy was within the lines of plaintiff's deed. They testify that the survey showed that a portion of plaintiff's land was in defendant's inclosure, but they expressly stated that they could not state how far inside the inclosure the Laughlin line ran. That question was at issue; the

---

* See *Jordan* v. *Deaton*, 23 Ark. 704. (Rep.)

burden was on plaintiff; but, as we see the evidence, he has not proved it. For this reason the judgment must be reversed, and a new trial ordered.