## WELLS *v.* BENTLEY.

Opinion delivered October 19, 1908.

ADVERSE POSSESSION—POSSESSION UNDER CLAIM OF OWNERSHIP.—One who holds land adversely for the statutory period up to a certain fence, not intending to claim merely to his line boundary, wherever it might be, but to claim to such fence as his boundary, wil be held to acquire title up to such fence.

Appeal from Conway Circuit Court; *Hugh Basham*, Judge; affirmed.

*Sellers & Sellers,* for appellant.

An oral agreement to establish boundary lines is not binding unless there was some controversy or dispute as to the true line. 89 S. W. 680. While it is true that this court in *Sherman* v. *King,* 71 Ark. 248, held that where the boundary line was indefinite and unascertained, the parol agreement was binding, yet the record shows that there had been a dispute. This question has not been directly passed on in this State, but wherever directly raised the weight of authority is that a pre-existing dispute is essential. 4 Pac. 515; 120 Mich. 149; 59 Wis. 285; 43 Am. Rep. 699; 23 Wis. 282; 32 N. Y. 568; 89 S. W. 680; *id.* 276; 2 Baxt. 469; 10 S. W. 159; 70 N. H. 399.

*Charles C. Reid,* for appellee.

The decisions of this court previously made are sufficient to establish appellee's rights under the facts in this case. 23 Ark. 708; 71 Ark. 250; 75 Ark. 395; *id.* 405 and cases cited. If a previous dispute is essential (which is not admitted), then the record shows that there was a dispute.

HILL, C. J. This case involves the fixation of a boundary by Bentley and Well's predecessor in title, one Ward. It was tried before the circuit judge sitting as a jury. Appellant principally relies for reversal upon this statement of the law: "Boundary lines cannot be established by oral agreement so as to bind the parties unless there be at the time of the agreement an uncertainty as to where the line is and a dispute over the line by the parties to the contract." This was asked as a declaration of law, but the court refused to so declare it in this form, and declared it with the omission of the latter clause, "and a dispute over the line by the parties to the contract."

Appellant has favored the court with an interesting review of the law upon this subject, the argument being predicated upon the necessity of a dispute in order to make valid an oral fixation of a boundary line. As the court views the testimony, the discussion is academic. Giving the testimony its strongest probative force, as the court must, it may be fairly deduced therefrom that Bentley and Ward were adjoining proprietors, and a

lane ran between their fences, and Bentley at least, if not both, had theretofore regarded the middle of the lane as the boundary between them. Ward caused a survey to be made, and immediately thereafter claimed all of the land of the lane. Bentley relinquished to him any possible rights he might have in the lane, as he said he cared nothing for it so long as the fence remained where it then was, and thereupon he and Ward agreed that the fence should be the line between them, and that the line now asserted by Bentley is the line of the fence thus agreed upon. Taking these as the facts of the case, then under the law as contended for in the above stated declaration Bentley was entitled to recover.

It is unnecessary in this case to determine whether the statement in *Sherman* v. *King,* 71 Ark. 248, that "when the boundary line between two estates is indefinite or unascertained, the owners may, by parol agreement, establish a division line," is correct as a general proposition or not, for, as above stated, the evidence here is sufficient to establish that there was such a dispute, which would render the agreement unquestionably valid. The contention of counsel is based upon the absence of that dispute; but as the court finds that there is evidence to sustain its existence, it would be *obiter dictum* to proceed further with the discussion of the principles involved.

It is also insisted that a boundary line agreed on under mistake of fact is not binding by estoppel or otherwise. But this case can not be distinguished in principle from *Goodwin* v. *Garibaldi,* 83 Ark. 74. Bentley held possession and asserted title to the land extending to this line, not intending to claim merely to the true boundary, wherever it might be, but intending to claim to this particular line; and, when so held for the requisite period of time, this confers title as therein shown.

Some other questions are presented, but the court fails to find error, and the judgment is affirmed.