## PAYNE *v.* MCBRIDE.

### Opinion delivered October 24, 1910.

BOUNDARIES—PAROL AGREEMENT—STATUTE OF LIMITATIONS.—Where there is a doubt, dispute or uncertainty as to the true location of a boundary line, the parties may by parol fix a line which will, at least when followed by possession with reference to the boundary so fixed, be conclusive upon them although the possession is not for the full statutory period.

Appeal from Yell Circuit Court, Danville District; *Hugh Basham,* Judge; affirmed.

*John M. Parker* and *Priddy & Chambers,* for appellant.

1. Where there is a shortage or deficiency between two established government corners, it should be apportioned to each subdivision lying between such established corners, and not placed wholly on the lot or subdivision lying on the west line of the section. Rev. Stat. U. S. § 2396; Tiedeman on Real Prop. (3 ed.), § 596; 19 Wis. 452; 2 Ia. 153; 67 Ill. 306; 31 Ia. 488; 44 Kan. 354; 137 Ind. 319; 48 Wis. 75; 92 N. W. 1013.

2. The statute of limitations does not apply in this case. It is conclusively shown that appellee held the strip under the belief that it was a part of his tract, and not with any intention of holding any part of appellant's land. 72 Ark. 498. Having pleaded the statute, the burden of proof was on the appellee. 86 Ark. 309.

*Bullock & Davis,* for appellee.

1. It is the surveyor's duty to make his survey conform to the original (government) survey. Kirby's Digest, § 1146. By the government rule, in surveying public lands as many full forties are laid off within the section as it is susceptible of, and if there is any shortage it must be placed upon the exterior west or north tiers of forties. Public Domain, 193, 602, 671; 30 Ind. 306; 30 Ala. 245; 57 Mo. 317.

2. The line established by Hunt's survey on January 7, 1901, and agreed upon by appellant's father and appellee, settles

this controversy. Adjoining owners may by parol fix a line which will be binding upon them, even though their possession under such agreement may not continue for the full statutory period. 8 Am. & Eng. Ann. Cas. 83, and authorities cited; 136 U. S. 1074; 4 Wheat. (U. S.) 513; 62 Ark. 629; 71 Ark. 248; 15 Ark. 342; 75 Ark. 400, 405; 72 Ill. 113; 14 N. Y. St. 312; 68 Kan. 607; 35 Tex. 801; 91 Mo. 457; 138 Cal. 394; 11 Johns. (N. Y.) 123.

HART, J. This is a suit in ejectment brought by J. O. Payne against A. H. McBride. The complaint alleges that Payne is the owner in fee and entitled to the possession of the northwest quarter of southwest quarter and southwest quarter of northwest quarter of section 6, in township 5 north, range 23 west, situated in Yell County, Arkansas, and that A. H. McBride is in the unlawful possession of a strip of said lands on the east side thereof extending the full length thereof.

McBride answered, setting up that he was owner in fee and in the possession of the southeast quarter of northwest quarter and the northeast quarter of southwest quarter of the section of land described in the complaint, and the strip of land in dispute is within the limits of his said lands. Each party deraigned title to the land claimed by him, and the only issue in the case is whether the strip sued for is a part of plaintiff's or defendant's 80-acre tract.

The court directed the jury trying the case to return a verdict for the defendant, and the plaintiff, by this appeal, seeks to reverse the judgment rendered.

The section of land in question lies on the township and range line, and is a fractional section. As shown by the plat of the survey made by the United States Government, Payne's land, the northwest quarter of southwest quarter, had 42.90 acres, and the southwest quarter of the northwest quarter had 41.30 acres; and McBride's land had 80 acres. A resurvey of the quarter section, which contains the lands of both parties, shows a deficiency, instead of an excess. It is the contention of the plaintiff that this loss should be proportioned on the whole quarter section. The defendant contends that the loss should fall upon the exterior quarter-quarters of the section. The views which we shall hereinafter express will render it unnecessary for us to decide this question.

It appears from the testimony of Charles Hunt, a surveyor of twenty-seven years' experience, that he was called upon to survey the whole quarter section in January, 1901. At that time John Payne, who was the father of the plaintiff, and who is now dead, owned the land of the plaintiff. There was a dispute between him and the defendant, A. H. McBride, as to the true location of the through boundary line between. It was agreed to call in Charles Hunt to fix the true boundary line, and on the 7th day of January, 1891, he surveyed the land and established the boundary line between John Payne and A. H. McBride. It was agreed that this survey should mark the dividing line between them.

The plaintiff admits that the fence was put on the line established by Hunt, and that McBride has since been in possession of the land now in controversy, cultivating up to the fence and claiming it as his own, but says he does not know anything about his father having made an agreement with McBride that this should be the permanent boundary line between them.

This testimony is undisputed, and from it the court was right in directing the jury to return a verdict for the defendant.

In the case of *Kitchen* v. *Chantland,* 130 Ia. 618, 8 Am. & Eng. Ann. Cas. 81, the court held: "Where there is doubt or uncertainty or a dispute as to the true location of a boundary line, the parties may by parol fix a line which will, at least when followed by possession with reference to the boundary so fixed, be conclusive upon them, although the possession is not for the full statutory period."

This case is in accord with the weight of authority, and the principle announced has been recognized and adopted by this court in the following cases: *Sherman* v. *King,* 71 Ark. 248; *Cox* v. *Daugherty,* 75 Ark. 395; *Deidrich* v. *Simmons,* 75 Ark. 400.

Agreements of this character do not operate as a conveyance of the land, but proceed upon the theory that the true boundary line is in dispute, and the agreement serves to establish the line to which the title of each party extends. The parties hold up to the line so fixed by virtue of their deeds, and not by virtue of a parol transfer.

The judgment will be affirmed.