ROBINSON *v.* GAYLORD.

Opinion delivered December 8, 1930.

*Saxon & Warren,* for appellant.

*Gaughan, Sifford, Godwin & Gaughan,* for appellee.

HART, C. J., (after stating the facts). This court has held in accord with the weight of authority that where there is doubt or uncertainty or a dispute has arisen as to the true location of a boundary line, the owners of the adjoining lands may, by parol agreement, fix a line that will be binding upon them, although their possession under such agreement may not continue for the full statutory period. *Sherman* v. *King,* 71 Ark. 248, 72 S. W. 571; *Cox* v. *Daugherty,* 75 Ark. 395, 36 S. W. 184, 112 Am. St. Rep. 75; *Deidrich* v. *Simmons,* 75 Ark. 400, 87 S. W. 649; *Payne* v. *McBride,* 96 Ark. 168, 131 S. W. 463; *O'Neal* v. *Ross,* 100 Ark. 555, 140 S. W. 743; *Butler* v. *Hines,* 101 Ark. 409, 42 S. W. 509; *Malone* v. *Mobbs,* 102 Ark. 542, 145 S. W. 193; 146 S. W. 143; and *Sherrin* v. *Coffman,* 143 Ark. 8, 219 S. W. 348.

In a case-note to 8 Ann. Cas. page 83, it is said that this holding is in accord with the decided weight of authority in this country. Among the cases cited is that of *Boyd* v. *Graves,* 4 Wheat (U. S.) 513. In that case the Supreme Court of the United States said that such agreement is "not a contract for the sale or conveyance of lands, and has no ingredients of such a contract."

The theory of these cases is that where owners of adjoining tracts of land adjust their division line by parol agreement or by long acquiescence, they do not convey any estate whatever between themselves, and that the agreement does not operate upon the title at all. The reason is that after their boundary line is fixed by consent, they hold up to it by virtue of the title deeds and not by virtue of a parol transfer. In such cases, the agreement or consent serves to fix the line to which the title of each extends.

In *Cutler* v. *Callison*, 72 Ill. 113, the rule itself and the reason for it is clearly stated as follows:

"While it may be regarded as well settled that the title to real estate cannot be transferred by parol, yet it is a principle well established that the owners of adjoining tracts of land may, by parol agreement, settle and establish permanently a boundary line between their lands, which, when followed by possession according to the line so agreed upon, is binding and conclusive, not only upon them, but their grantees."

In the case at bar, counsel for appellant first earnestly insist that there is no testimony upon which to predicate an application of the rule of law above announced. They claim that there was no doubt, uncertainty, or dispute as to the boundary line between the two forty-acre tracts, and no proof tending to show that the parties agreed upon such division line. We cannot agree with counsel in this contention. The witnesses for the plaintiffs testified that fifty-eight years before the present controversy arose a stone marked the corner between the two forty acres of land, and that an old division fence was extended across the forty, and that this division line was recognized as the boundary between the owners of the adjoining forty acres of land. The land at that time was in cultivation on each side of the division fence, and the owners of the two tracts of land cultivated up to the division line. The old division fence was recognized as the boundary line between the two forty-acre tracts for many years.

Under this state of proof, the jury might have found that the long acquiescence in the division fence as a boundary line constituted a parol agreement to that effect and warranted the court in submitting this question to the jury. The evidence in reference to the division fence as the agreed line and the possession of the parties up to it was submitted to the jury under instructions according to the principles of law above announced, and no useful purpose could be served by setting out the instructions in detail and reviewing them at length.

The court also submitted to the jury the question whether or not the defendant had acquired title to the disputed strip of land by adverse possession. The evidence adduced in favor of the plaintiffs warranted the jury in finding that there had been such long acquiescence in the old fence row as the division line between the two forty-acre tracts of land by the owners of the respective tracts that it amounted to a parol agreement that the old fence row was the division line, and that the defendant had not acquired title by adverse possession.

It is true that the disputed strip of land was afterwards permitted to grow up in trees, but for a long period of time it was cultivated and claimed by the owner of the south forty, and the old fence row was acquiesced in by the owners of both tracts as the division line for many years. This warranted the jury in finding that there was a parol agreement to that effect; and this agreement under the authorities above cited, was just as binding upon the defendant Robinson as it was on his grantors.

We find no reversible error in the record, and the judgment will therefore be affirmed.