## HAY v. BRILEY et al.

### No. 828.

Court of Civil Appeals of Texas. Eastland.
Oct. 16, 1931.

Rehearing Denied Nov. 20, 1931.

302

See, also, 13 S.W.(2d) 997.

W. E. Lessing and Frank E. Smith, both of Abilene, for appellant.

C. L. Hailey and York & Camp, all of Abilene, for appellees.

FUNDERBURK, J.

In this suit A. A. Hay sued W. G. Briley et al. to recover a tract of land alleged to contain 14.25 acres. In the description of the land "the N. W. corner of a tract of land awarded to J. C. Roberts, et al, as plaintiffs by decree of the District Court of Taylor County, on the 11th day of October, 1926, styled J. C. Roberts, et al, vs M. P. Roberts, et al," was called for as the S. W. corner of the land in suit. The other calls were, "Thence N. with the center of said Abilene-Capps Highway, 38.8 vrs. to stake for the N. W. corner of this tract; thence E. parallel with the north and south lines of the Bishop Survey No. 43, 1,964 vrs., more or less, to the center of Elm Creek for the N. E. corner of this tract; thence south with the center of said creek to the N. E. corner of said J. C. Roberts, et al, tract; thence west with the north line of said J. C. Roberts tract, 1964 vrs. to the place of beginning." The defendants, other than W. G. Briley, were the said "J. C. Roberts, et al," mentioned in the foregoing description of the land to whom said judgment of the district court had awarded the land called for as a boundary of the land in suit. It was undisputed that, on and prior to October 11, 1926, M. P. Roberts and his children were the sole owners of the William Bishop survey No. 43; that the survey was believed to contain 344 acres of land; that on said date an agreed partition was made by judgment of the district court purporting to award to M. P. Roberts one-half the land described by metes and bounds, and designated as 172 acres; and to award to said children, being the said "J. C. Roberts, et al," the other half, also described as 172 acres and by metes and bounds; that afterwards it was disclosed that the William Bishop survey did not contain 344 acres as supposed, but in fact contained only 320.34 acres; that a dispute arose as to the true location of the boundary line as between the owners to whom the lands had been awarded, and by mutual agreement a line was run which was intended to divide the survey into two equal parts, and such line was agreed to by all the parties in interest as the true boundary; that the defendants J. C. Roberts et al. constructed a fence upon the agreed line, and took and thereafter maintained open, visible, peaceable, and adverse possession up to said line as so agreed upon and marked by said fence; that, after the owners had agreed upon said line, and the fence had been built and possession up to same had been taken, M. P. Roberts conveyed his tract to W. G. Briley, who in turn conveyed same to the plaintiff, A. A. Hay. The land as conveyed from Briley to Hay was described as follows: "Beginning at the upper or southeast corner of the Jas. H. Beck Survey No. 42 and the lower or northeast corner of the William Bishop Survey No. 43 in the center of Elm Creek for the northeast corner of the land hereby conveyed; thence west with the N. B. line of said William Bishop Survey, at 1,860 vrs. cross the center line of the Capps road, at 2,662½ vrs. to a stone set for the N. W. corner of this survey for the North N. W. corner of said 172 acres; thence south with the W. B. line of this survey a distance of 689 vrs. to a post in the N. B. line of the John Adams Survey No. 44 for the S. W. corner of said 172 acres; thence east with the S. B. line of said William Bishop Survey No. 43, and the N. B. line of said Survey No. 44 a distance of 810 vrs. to the center line of the Capps road for corner, same being the S. W. corner of a tract decreed to J. C. Roberts, et al, by a decree rendered October 11, 1926, in Cause No. 5426, in District Court of Taylor County, Texas, which decree was rendered in cause styled J. C. Roberts, et al, vs M. P. Roberts, et al; thence north with the center line of the said Capps road, a distance of 471.7 vrs. to the N. W. corner of said tract so decreed to said J. C. Roberts, et al, such corner being an interior corner of the land hereby conveyed; thence east with the N. B. line of said tract so decreed to J. C. Roberts, et al, a distance of 1964 vrs. to the center of Elm Creek for the eastermost S. E. corner of the land hereby conveyed; thence down Elm Creek with its meanders to the place of beginning." The land awarded by the partition judgment to J. C. Roberts et al. was described in the decree as follows: "Beginning at a point in the center of Elm Creek for the upper or S. E. corner of this the William Bishop Survey No. 43 and the lower or N. E. corner of the John Adams Survey No. 44 for the S. E. corner of this 172 acre tract; thence west along the S. B. line of said Bishop 2165 vrs. to a point in the center of the Capps road for the S. W. corner of this tract; thence N. 471.7 vrs. with the center line of the Capps road to a stake for the N. W. corner of this

tract an iron rod under fence on the E. side of road; thence E. 1,964 vrs. to the center of Elm Creek for the N. E. corner of this tract; thence up Elm Creek to the beginning, containing 172 acres of land, the same being out of the S. E. corner of said William Bishop Survey No. 43 in Taylor County, Texas."

The land embraced in the decree of partition, the division line as described in the decree, and the land in suit are shown in the following rough sketch, which it is to be understood is not attempted to be drawn according to scale:

a cross-action of the defendants J. C. Roberts et al. said defendants have judgment against the plaintiff, establishing their title to the land in controversy and establishing said agreed line as the common boundary line of the lands owned by the said J. C. Roberts et al. and the plaintiff.

The plaintiff, Hay, has appealed, and asserts, first, that the judgment of the trial court was erroneous because the uncontroverted evidence conclusively showed that defendant Briley executed and delivered the deed to appellant, describing therein 172 acres of

Issues were so joined by the pleadings as to give to J. C. Roberts et al. the advantage, if any, of the foregoing facts in the contest with plaintiff of title to the 14.25-acre strip.

Alternative to the cause of action to try title, plaintiff asserted as a cause of action against defendant W. G. Briley that the latter conveyed to plaintiff 172 acres of land, which included the 14.25 acres in suit; that said 14.25 acres were held by said J. C. Roberts et al. by a paramount title to that of plaintiff; that plaintiff's deed contained a covenant of general warranty of title; that the title had failed, to plaintiff's damage in the sum of $926.25, for which recovery was prayed.

A further alternative cause of action was asserted against said W. G. Briley, shown by allegations to the effect that plaintiff purchased the land and paid the consideration therefor based upon the number of acres; that the tract was represented by Briley to contain 172 acres and believed by plaintiff to contain 172 acres, when in fact it contained less than 172 acres by 14.25 acres; that by mutual mistake plaintiff paid for 14.25 acres of the value of $65 per acre, or $926.25, the recovery of which was sought as for money paid by mistake.

The case was tried without a jury and the court adjudged that the plaintiff take nothing against any of the defendants, and that upon

land, and which description included the 14.25 acres sued for, which being adjudged to the said J. C. Roberts et al., and being shown to be of the market value of $65 per acre, said Briley was liable to appellant upon his covenant of warranty for said sum; and, second (in the alternative), that the uncontradicted evidence showing that appellant and said W. G. Briley, in the purchase and sale of said land, acted under a mutual mistake as to the amount of land in the William Bishop survey, and by reason of such mutual mistake said Briley conveyed to appellant 172 acres of land, and appellant, by reason of the mistake, paid a consideration which he would not have paid, amounting to $65 per acre for 14.25 acres; therefore the court erred in refusing judgment for said sum as for money paid under mistake.

On a former appeal of this case, we expressed the opinion that the evidence failed to show that the tract of land conveyed from Briley to Hay contained 172 acres; that, although there was some testimony to that effect, and the court found that there were 172 acres according to the field notes, it seemed to us evident that that conclusion was reached by giving controlling effect to certain calls for distance over calls for certain corners and lines of the land awarded to J. C. Roberts et al. The statement was made that

"a call for course and distance will generally be made to yield to a call for a corner or line of another survey," and that "a surveyor in properly locating the land would have found it necessary to locate the corners and lines of the J. C. Roberts, et al tract," to do which he would have found it necessary to examine the partition agreement or judgment, and, in locating upon the ground the two equal parts provided in the partition, the error would have been discovered, and the true line fixed accordingly, which would have required the call for 172 acres to yield to the true line dividing the survey into equal parts. The appellant, in effect, contends that this holding was error, and the appellee contends that the opinion should govern this appeal as the law of the case.

■ A careful reconsideration of the question leads us to question the correctness of our former conclusion, as embodied in the last quotation from the opinion, except as it may be controlled and made correct as to the final result by the facts appearing in the record concerning an agreed boundary line. We will therefore proceed at once to a consideration of the effect of the undisputed evidence regarding the agreed boundary line. The undisputed evidence shows that, in the agreed judgment for partition of the William Bishop survey between all the owners thereof, the survey was believed to contain 344 acres, when in fact it contained 320.34 acres. The judgment shows the certain intention to divide the survey into two equal parts and to award one of the equal parts to M. P. Roberts and the other to J. C. Roberts and the other owners. The undisputed evidence shows that the boundary described in the decree designed to have this effect did not divide the survey into two equal parts, and therefore was incorrectly described as the boundary. Subsequently, while all the land was owned by the parties to whom same was awarded, the owners, by mutual agreement, corrected the error by establishing the line so as to divide the survey into two equal parts as originally intended. The line as agreed upon was marked upon the ground by J. C. Roberts building a fence upon same. The owners of the land as thus divided added recognition to the correctness of the location by maintaining open and notorious possession up to the line. The agreed line is 38.8 vrs. north of the line described as the boundary line in the judgment of partition, if controlling effect be given to the call for course and distance. At the time that appellant bought the land, the fence objectively marked the boundary line between the tract he was purchasing and the tract which had been decreed in the judgment of partition to J. C. Roberts et al. The field notes of the deed from Briley to Hay, if controlling effect be given to the call for distance of 471.7 vrs. from the southwest corner of the tract decreed to J. C. Roberts et al., do inclose 172 acres. It is true also that, but for the agreement locating the boundary line on the ground, the field notes in the partition decree would have required its location 38.8 vrs. south of where it was actually located by the agreement.

The question is, does the call for 471.7 vrs. distance control in fixing the corner, or does the call for the northwest corner of the tract control, and, if the latter, is it the northwest corner of the tract as it would be located according to the description in the decree, or the northwest corner of the tract as correctly located on the ground by the agreement of the parties? It will not be contended, we think, that the call for distance will not be controlled by the call for the corner, and therefore we may confine our attention to a consideration of the question whether it is the corner erroneously described in the judgment or the one correctly fixed upon the ground.

In a very exhaustive note in 69 A. L. R. page 1433, there is deduced from a great number of decisions a general rule stated as follows: "It is a well-settled principle of law that a boundary line may, under certain circumstances, be permanently and irrevocably established by parol agreement of adjoining owners. When there is a doubt or uncertainty, or a *dispute has arisen* as to the true location of a boundary line, the adjoining owners may by parol agreement establish a division line; and, where the agreement is executed and actual possession is taken under such agreement, it is conclusive against the owners and *those claiming under them.*" (Italics ours.) The same rule of law is stated in 9 C. J. 233, as follows: "A valid agreement between adjoining owners establishing a doubtful or disputed boundary is binding on themselves and those claiming under them, whether it is the true line or not." In Houston v. Sneed, 15 Tex. 308, after first having concluded that such an agreement, where it fixed a boundary line differently from that called for in the title papers, would contravene the statute of frauds, upon a reconsideration declared that the location of a boundary line by agreement under the facts authorizing the same was not within the statute of frauds, but was binding upon the parties and subsequent purchasers. The opinion seems to say that it was binding upon subsequent purchasers without notice, but the context suggests (and it was so construed in Garrison v. Crowell, 67 Tex. 626, 4 S. W. 69, 70) that it was intended to say subsequent purchasers with notice. But at the same time it was further held that the notice need not be direct, but was shown by the fact of possession up to the agreed line.

Just how the courts have reasoned that the location of a boundary line by agreement, even where same is located differently from the location called for in the title deeds, does not accomplish a transfer or conveyance of

land within the provisions of the statute of frauds, is illustrated in Lecomte v. Toudouze, 82 Tex. 208, 17 S. W. 1047, 1050, 27 Am. St. Rep. 870, wherein it is said: "The reason of this rule evidently is based upon the idea that the parties do not undertake to acquire title to real estate, as must be done by written contract or conveyance, but they simply by agreement fix and determine the situation and location of the thing that they already own; the purpose being simply by something agreed upon to identify their several holdings, and make certain that which they regarded as uncertain." In Sherman v. King, 71 Ark. 248, 72 S. W. 571, 572, it was said: "This rule is founded on the principle that the effect of the agreement is not to pass real estate from one party to another, but simply to define the boundary line *to which their respective deeds extend.*" (Italics ours.) And again, in Young v. Blakeman, 153 Cal. 477, 95 P. 888, 890: "'The division line, when thus established, attaches itself to the deeds of the respective parties, and simply defines, not adds to, the lands described in each deed'; and that, if more is thus given to one than the calls of his deed actually requires, he 'holds the excess by the same tenure that he holds the main body of his lands.'" Yet again in Lewis v. Ogram, 149 Cal. 505, 87 P. 60, 62, 10 L. R. A. (N. S.) 610, 117 Am. St. Rep. 151: "Adjoining owners who adjust their partition line by parol, do not create or convey any estate whatever between themselves; no such thought or intention influences their conduct; after their boundary line is fixed by consent *they hold up to it by virtue of their title deeds and not by virtue of a parol transfer.*" (Italics ours.)

We are not at all unmindful of the fact that it may be very plausibly argued that the principles of law governing agreed boundaries have no application to this case. It may be granted that, ordinarily, such principles do not apply to effect a correction of a certain but erroneous location as made by the title papers. If M. P. Roberts, the remote grantor of the appellant, and the said J. C. Roberts et al., obtained their several titles to the land through the partition judgment, a different question might be presented. They did not acquire or part with any title whatever by the judgment. Walling v. Harendt and authorities there cited (Tex. Civ. App.) 37 S.W.(2d) 280. The judgment, therefore, really accomplished but one thing, and it was designed to accomplish but that one thing; namely, to provide for the location of a division line between the lands of the parties. Specific directions in the judgment for accomplishing this end contradicted the more certain intent to so locate said line that one-half of the entire tract would be on one side and the other one-half on the other side of the dividing line. Under these circumstances, there was a real dispute as to the correct location of the line upon the ground, and every reason exists, so far as we can see, for applying the principles hereinabove discussed. The error in the judgment became manifest when the descriptions of the two supposedly equal tracts were attempted to be applied to the land for the purpose of marking on the ground the boundary line. The parties had the right to correct the error in the manner they did. In doing so they did not in fact conflict with the decree, but, in order to make the decree effective to accomplish the certain intent clearly expressed in the decree itself of locating the division line so as to divide the survey into two equal parts, merely rejected as error the directions, which, if given effect, would defeat that purpose. They simply effected a practical construction of the decree to accomplish its express purpose to make an equal division of the land.

■■ It may be said in this connection that the appellant is in no position to contend upon this appeal that the principles of agreed boundaries are inapplicable. The judgment of the trial court, by express recitations, shows that appellant failed to recover the land sued for, solely upon the theory that the appellant was bound by the agreed locations of the boundary. Indeed, neither the pleadings nor the evidence would have warranted the judgment denying plaintiff a recovery of the land on any other theory. But appellant does not complain upon this appeal of the judgment in so far as it denied him such recovery. He seeks to avail himself of that part of the judgment as a necessary support to his claim urged in this court, that he was entitled to recover upon the warranty of title. If that part of the judgment was correct, then there could exist no right of recovery upon the warranty, because it could not be correct, unless the land in controversy was not included in appellant's deed. It follows that there could be no recovery for breach of warranty when the land was never conveyed to appellant. If, therefore, we should be in error in our conclusions that the principles of agreed boundary lines control, then the real error of the trial court was in denying appellant a recovery of the land, which has been waived by the failure of appellant to assign error and present same to this court for review.

We are therefore of opinion that the trial court did not err in adjudging that appellant was not entitled to a recovery upon the warranty.

■ With reference to the other contention, it was determined in the former decision that a cause of action for money had and received because of a shortage in acreage was not available, unless the sale was made by the acre and not in gross. Whether there was any evidence to show that the sale was by the acre we need not stop to consider, for certain it is, it seems to us, that it cannot be contended that the undisputed evidence shows that

the sale was by the acre. The court, having refused the plaintiff a recovery, is presumed to have found the question of fact, if any, against the plaintiff. It follows that we are of opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.