GREGORY v. JONES.

4-8357                                   206 S. W. 2d 18

Opinion delivered December 1, 1947.

*Willis & Walker*, for appellant.

*Roy L. Baker, Jr.*, for appellee.

Ed. F. McFaddin, Justice. This is a boundary line dispute between neighbors.

In January, 1942, appellee Jones purchased a farm of 40 acres. On the north his neighbor was the appellant McGowan; and on the east, the appellant Gregory. In the summer of 1946, Jones had his 40 acres surveyed by the county surveyor; and, according to that survey, the preëxisting Jones-McGowan line should be farther north, and the preëxisting Jones-Gregory line should be farther east. Acting on the 1946 survey, Jones cut some timber, and was preparing to change the fences when McGowan and Gregory filed this suit to enjoin Jones. McGowan also asked timber damages. The chancery court, after hearing the witnesses, sustained Jones' 1946 survey; and McGowan and Gregory have appealed. Since the boundary lines between Jones and his neighbors were established at different times, it will make for clarity if we consider the issues separately.

I. *Jones-McGowan Line*. The fence between the Jones land and the McGowan land has been on the same line for more than 34 years. Mr. Ally Hancock's father owned the Jones land from 1911 to 1916. In 1913, Ally Hancock, and the then owner of the McGowan land, established the boundary line between the two tracts. Ally Hancock says that he started at an existing marker on the east and ran the line west to another existing marker, and then built a rail fence on the line thus determined. The owner of the present McGowan land recognized the rail fence made by Hancock to be the dividing line.

In 1917, McGowan acquired his land, and his grantor showed him the rail fence as the line. Ed Hancock was the then owner of what is now the Jones land. The rail fence continued as the accepted boundary until Ed Hancock proposed that he and McGowan erect a wire fence. McGowan agreed. He furnished part of the wire; and the wire fence was put on the line where the old rail fence had been. Thus, for 34 years the rail fence line established in 1913 has continued as the line agreed to by all concerned. Under these facts, we hold that the Jones-McGowan line should remain on the old rail fence line.

and that the 1946 survey comes too late. In *Goodwin* v. *Garibaldi*, 83 Ark. 74, 102 S. W. 706, Mr. Justice RIDDICK, in sustaining a long-existing boundary between adjacent owners, quoted the classic language of Hon. U. M. ROSE, as found in *Cunningham* v. *Brumback*, 23 Ark. 336: " . . . better that ancient wrongs should be unredressed than that ancient strife should be renewed." *Robinson* v. *Gaylord*, 182 Ark. 849, 33 S. W. 2d 710, is another case in which an old line was sustained, even against a new survey.

Appellee argues that the original rail fence line was established by a mutual mistake, and should be changed to the 1946 line, and cites *Randleman* v. *Taylor*, 94 Ark. 511, 127 S. W. 723, 140 Am. St. Rep. 141, as authority for such contention. Furthermore, appellee says that there was no *dispute* prior to the establishing of the rail fence line, so—appellee says—the rule stated by Chief Justice HART in *Robinson* v. *Gaylord*, *supra*, and restated in *Peebles* v. *McDonald*, 208 Ark. 834, 188 S. W. 2d 289, does not apply to this case. It is true that in this case the original rail fence line was established without a prior dispute as to boundary; but the recogniation of that line for the many intervening years (34 in this case) shows a quietude and acquiescence for so many years that the law will presume an agreement concerning the boundary.

In *Deidrich* v. *Simmons*, 75 Ark. 400, 87 S. W. 649, there had been no dispute prior to the establishment of the fence line which had been accepted as the common boundary for many years; and in that case Justice McCULLOCH, speaking for this court, said: "The proprietors of adjacent lands may by parol agreement establish an arbitrary division line, or an agreement may be inferred from long-continued acquiescence and occupation according to such line, and they will be bound thereby."

So in the case at bar the recognition of a common boundary for a long period of time is evidence of agreement and acquiescence, which may well exist without the necessity of a prior dispute. See 8 Am. Juris. 804. As stated in the annotation in 69 A. L. R. 1491: " . . .

where the owners of adjoining land occupy their respective premises up to a certain line, which they mutually recognize and acquiesce in as the boundary line for a long period of time, . . . they and their grantees are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one, although such line may not be in fact the true line according to the calls of their deeds."

We reverse that portion of the decree of the chancery court dealing with the Jones-McGowan line, and remand the case, with directions to enjoin any change of the original boundary line.

II. *The Jones-Gregory Line.* The north part of the Jones-Gregory fence has been on the same line for over 35 years. This line extends from the northeast corner of the Jones tract south to a road referred to in the evidence as the "C.C.C. road." The rules of law announced in the discussion of the Jones-McGowan line determine our holding in regard to the north part of the Jones-Gregory line. The south part of the Jones-Gregory fence (that is, from the C.C.C. road to the south boundary of the Jones tract) appears to have been constructed by Gregory in 1941. This was less than seven years before the filing of this action. The 1941 fence is clearly off of the line, and the 1946 survey is approved as to all of the Jones land south of the C.C.C. road. To this extent only, the decree of the chancery court is sustained.

*Conclusion:* McGowan claimed that Jones had cut pine timber from lands north of the old Jones-McGowan line. This claim is established by the evidence, but the amount is small. The evidence shows that Jones cut five pine trees containing 300 feet of lumber. The value is fixed by the witnesses at $4.00. McGowan is entitled to judgment for this amount, and for all of his costs. All of the costs as are actually apportioned to the Jones-McGowan dispute are to be paid by Jones. The remaining costs are to be paid equally by Gregory and Jones. The decree of the chancery court is therefore reversed, and the cause remanded with directions to enter a decree and proceed consistently with this opinion.