RANEY *v.* VILLINES.

5-2155                                          335 S. W. 2d 725

Opinion delivered May 30, 1960.

*Virgil D. Willis,* for appellant.

*J. Nelson Truitt,* for appellee.

GEORGE ROSE SMITH, J. This is a contempt proceeding in which the appellants caused the appellee to be cited for an alleged violation of a chancery decree that was entered on October 14, 1959. After hearing the appellants' evidence the chancellor dismissed the contempt citation on the ground that the complainants had not made a *prima facie* showing that the earlier decree had been violated. In appealing from the order of dismissal the appellants contend that the chancellor erred in finding their proof to be insufficient.

The parties are adjoining landowners, the appellee owning a forty-acre tract just east of the appellants' eighty acres. By the original decree the chancellor found (*a*) that the plaintiffs (appellants) were the owners of the East Half of the Northwest Quarter of a certain section, (*b*) that the defendant (appellee) was the owner of the Northwest Quarter of the Northeast Quarter of the

same section, and (c) that the defendant had an easement for a roadway "consisting of a strip 20 feet wide along the east side of the above described lands of the plaintiffs." The decree confirmed the defendant's right to the easement, which was described by metes and bounds as the east 20 feet of the eighty-acre tract, and restrained the defendant from trespassing upon other land of the plaintiffs.

The appellants, in asking that the appellee be punished for contempt of court, insist that the appellee has overstepped the 20-foot limitation fixed by the October decree and has actually been using a roadway about 27 feet wide. To prove this assertion the appellants introduced testimony to show that for about 75 years a fence has been recognized as the boundary between the two tracts and, further, that the appellee is using a roadway that extends about 27 feet west of the fence. The appellants failed, however, to prove that the fence is in fact situated upon the true east line of their eighty acres, as that line would be determined by the governmental survey of this particular section. The appellants did not offer any qualified surveyor as a witness. A layman was permitted to describe his efforts to find the boundary line in question, but his testimony is deficient in that he readily admitted that he did not know whether he used the true corner as a starting point. See *DuPriest* v. *Anthony,* 226 Ark. 894, 294 S. W. 2d 769. During the trial the chancellor indicated several times that the controlling issue was the location of the true boundary line, and his dismissal of the citation was based upon the complainants' failure to supply that proof.

The chancellor's decision was right. The appellants rely upon cases such as *Gregory* v. *Jones,* 212 Ark. 443, 206 S. W. 2d 18, holding that a division fence, even though it is incorrectly located, may become the boundary line as a result of long acquiescence on the part of the adjoining landowners. Those decisions, however, do not govern the case as it now stands. The record before us does not include the proof upon which the original decree was based. That testimony might or

might not have supported a finding that the fence line had become the boundary by acquiescence. But even if the appellants were originally entitled to such a finding, the point is that the decree as entered made no reference whatever to the fence that is now shown to separate the properties. The decree simply recited that the present appellants were the owners of the East Half of the Northwest Quarter and that the appellee was entitled to an easement along the east 20 feet of that tract. This language of the decree cannot simultaneously refer to two conflicting boundary lines; it cannot be taken to mean both the fence line and the true line according to the governmental survey. The decree describes the boundary only by reference to governmental subdivisions, and hence the original surveyed line must be regarded as controlling. *Desha* v. *Erwin,* 168 Ark. 555, 270 S. W. 965. If the parties really intended to establish the boundary line in accordance with a fence that varied from the true line, that fact should have been stated in the decree. In the absence of such a statement in the original decree the appellants' proof in the present proceeding must be considered insufficient to support a finding that the appellee is in contempt of court.

Affirmed.