1110

5-4888                                                441 S.W. 2d 472

Opinion Delivered May 26, 1969

*Jack Yates* for appellants.

*R. H. "Buddy" Hixon* for appellee (Wright).

*Jeta Taylor* for appellees (Clark)

CONLEY BYRD, Justice. This is a boundary line dispute. The record shows that appellants J. B. and Nina Council at one time owned the W½ SW¼, Sec. 21, T. 8 N., R. 27 W. On February 11, 1947, appellants sold to Millard Wright a portion of the land by the following description: "Part of the West Half of the Southwest Quarter of Section 21, Township 8 North, Range 27 West, lying South of Hurricane Creek and containing in all 40 acres, more or less."

Within 10 to 60 days after the conveyance, a fence was constructed along the top of the south bank of Hurricane Creek. Mr. Council testified that it was constructed as a division or boundary fence. Mr. Wright denied that the fence was to be a division fence on the property line and said that Mr. Council was originally to assist in building the fence and that the plan was for Council to build half-way down the north bank and Wright half-way up the south bank with a water gate to be placed across the creek to connect the two fences. Wright denies that Council furnished any of the cost of the original fence; however, Council insists that he did participate in the cost of construction. In 1959 Millard Wright conveyed the lands under the same description to appellees Lewis Clark and Mrs. Lewis Clark reserving, however, one half of the mineral rights.

Mr. Clark testified that after he purchased the property from Wright, Mr. Council attempted to buy the property from him and that after he declined to sell to Council, Council suggested that they should straighten the deed up. On cross examination Council admitted that he had never told appellee Clark that he was claiming the land north of the fence until shortly before April 1963.

Other testimony shows that Council cleaned up and cleared the north bank of the creek when the Soil Conservation Service did some drainage work but that because of appellee Wright's objections, nothing was done to the south bank. It is stipulated that Hurricane Creek is nonnavigable.

The trial court found that the fence erected by Council and Wright in 1947 was a fence of "convenience" rather than a boundary fence. From a decree determining that the boundary line between the parties was the thread of Hurricane Creek, appellants appeal and rely upon the following points:

"1. That the deeds between the parties hereto show on their face that the grantees were only to receive that portion of real estate south of Hurricane Creek, 40 acres more or less. That the survey ordered by the Chancellor indicates that each party did receive this amount using the fence as a boundary line.

2. The portion of the Court's Decree in which he relates that the fence was not the boundary line is erroneous in that the fence was built by agreement as the boundary line between the parties.

3. That the fence had been in place since 1947 and no one at any time ever questioned the fact that the fence was the boundary line, but in fact helped repair and rebuild said fence from time to time over some 20-year period of time."

POINT 1: We agree with the trial court that under the description of the deed, title extended to the middle of the stream of Hurricane Creek. See *Gill* v. *Hedgecock*, 207 Ark. 1079, 184 S.W. 2d 262 (1944).

POINT 2: There was conflict in the testimony between Council and Wright as to whether the fence was an agreed boundary. The burden of proof was on appellants to show that the parties agreed on a boundary other than that described in the deed. Based upon the conflict in testimony between the parties we are not in a position to say the Chancellor erred in finding that the fence did not constitute an agreed boundary line.

POINT 3. Neither do we find any merit in appellants' argument that the fence had become a boundary line by long acquiescence. In all of the cases cited on boundary lines by acquiescence, *Stewart* v. *Bittle*, 236 Ark. 716, 370 S.W. 2d 132 (1963), *Gregory* v. *Jones*, 212 Ark. 443, 206 S.W. 2d 18 (1947), and *Vaughn* v. *Chandler*, 237 Ark. 214, 372 S.W. 2d 213 (1963), there has been

involved a peaceful occupation of the lands up to the fence by the person claiming the boundary to be one by acquiescence. There was testimony here that Council's cows were never seen on appellees' side of Hurricane Creek and that because of the terrain it would have been impossible to have built the fence in the middle of the creek according to the description in the deed. When we consider that the fence in question was built generally as close to the natural barriers of the creek as possible, we agree with the Chancellor that the fence had not become a boundary line by acquiescence.

In their argument, appellants suggest that since they have used the property up to the north side of the fence since 1947, they have acquired title by adverse possession. Since Mr. Council admitted on cross examination that he had never given notice of any claim of title to the property between the creek and the fence until some time in April 1963, we find no merit in his position. In *Franklin* v. *Hempstead County Hunting Club*, 216 Ark. 927, 228 S.W. 2d 65 (1950), we said:

"The rule is well established that 'retention of the possession of vendors after the execution and delivery of a deed is presumed to be in subordination of the title conveyed and the statute of limitations will not begin to run until notice of the hostility of their claim is actually given to the grantee.'"

Affirmed.