Walter GOFF et al., Appellants,

v.

James L. ROBERT et al., Appellees.

No. 3887. ·

Court of Civil Appeals of Texas.

Waco.

July 5, 1961.

Rehearing Denied Aug. 17, 1961.

Woodrow F. Eason, Waco, for appellants.

Dunnam & Dunnam, Waco, for appellees.

WILSON, Justice.

Judgment in this trespass to try title action was rendered on jury findings against appellants concerning adverse possession and a parol boundary agreement as to adjoining lots, made by the common grantor of the parties and predecessors. Although there are other parties, the fee owners will be referred to as appellant and appellee.

Appellant's chief contention is that there is no evidence to support the finding as to adverse possession. It is not necessary for us to pass on these points, ably presented, as the judgment is sustained by the verdict as it relates to the boundary agreement.

Rose acquired two adjoining lots, 3 and 4, in 1942. Lot 3 he conveyed in 1946 by lot and block description with reference to a recorded plat. Through successive regular warranty deeds appellants acquired record title to this lot in 1954. In 1957 Rose executed a warranty deed to appellee describing the other lot, 4, (on which he had continually lived), by similar reference to the plat, designating lot and block. This controversy concerns a strip 6.6′ x 140′ out of lot 3, adjacent to lot 4.

When he purchased the two lots in 1942 Rose erected a fence on a line which was subsequently found to be—not on the true boundary of the two lots—but 6.6 feet from that boundary, on lot 3; and after subsequent delivery of conveyance to lot 3 he continued exclusive open and visible occupation of the 6.6 foot area severed from lot 3 by the fence. In 1948 an intermediate grantee, Knight, became record owner of lot 3. The undisputed evidence from Rose and Knight is that neither of them then knew the true location of the boundary between their respective lots, and it was doubtful and uncertain where the actual line was; that Rose desired to build an addition to his house located on lot 4, and he

and Knight then agreed that the fence would constitute the boundary line. No survey was made by these neighbors, and they did not purport to agree that the fence was on the true and actual division line between lots 3 and 4. Rose built the addition to his house on the 6.6 foot strip, and from 1948 until 1953 each of these parties used and occupied their properties in complete recognition of the boundary line fixed by the fence as agreed upon without interference. Subsequent purchasers of lot 3 likewise recognized the fence as the boundary. When appellant purchased lot 3 in 1954, the fence and the obvious use and occupancy of the two properties still existed. Appellant removed the fence in 1957. He admitted that from the time he accepted his deed to lot 3 in 1954, until 1957, Rose "used all the property south of the old fence line", exercising complete control of it. He admitted taking possession under his deed as the property was fenced, and that he obtained a survey when he later started to build on the lot in 1958, because he "wanted to know where I was at." When appellant purchased, Rose pointed out the fence to him as the boundary, and he observed Rose making additional improvements to his home on the strip in controversy, without protest. Appellant's demand that the portion of the house extending on the 6.6 foot strip be removed, after survey which disclosed the true boundary, precipitated this litigation.

 It is established by consistent decisions in this state that when there is doubt, dispute or uncertainty "as to the true location of a boundary line, the adjoining owners may by parol agreement establish a division line; and where the agreement is executed, and actual possession is taken under such agreement, it is conclusive against the owners and those claiming under them." Gulf Oil Corp. v. Timms, Tex. Civ.App., 116 S.W.2d 940, 943, writ refused; Gulf Production Co. v. Baton, Tex. Civ.App., 108 S.W.2d 960, 965, writ refused; Hay v. Briley, Tex.Civ.App., 43 S. W.2d 301, 304. The agreement may not be invalidated "merely because it was based upon or induced by mutual mistake of the parties in respect to the location of the true line." Gulf Oil Corp. v. Marathon Oil Co., 137 Tex. 59, 152 S.W.2d 711, 714, 721.

■ Appellant says the boundary agreement is not binding on him because he had no notice of it. In Houston v. Sneed, 15 Tex. 307, 308, 310, the Supreme Court in holding the party in appellant's position was concluded by the oral boundary agreement of his grantor, said of the same argument: "The fact of Houston, who was the vendee of Franks, being in actual possession, and his improvements extending to the line agreed upon between Miller and Franks, when Sneed purchased from Miller, was constructive notice, and should have put him on his guard as to the extent of Miller's claim of title; and he could not have believed that he was purchasing the land upon which the improvements had been made." Under Rule 279, Texas Rules of Civil Procedure any necessarily referable omitted issues relating to this basis for the present judgment are deemed found in its support. Affirmed.