BATSON *v.* HARLOW.

4-8909                                    221 S. W. 2d 17

Opinion delivered June 6, 1949.

*Carlos B. Hill* and *J. S. Jameson,* for appellant.

*Rex W. Perkins* and *G. T. Sullins,* for appellee.

MINOR W. MILLWEE, Justice. Appellants and appellees own and reside on adjoining residential lots in the City of Fayetteville. Appellants' lot lies immediately north of the lot of appellee and each of the lots is described in the respective deeds of the parties as being 50 feet wide and 194 feet long facing west on Hill Street.

In July, 1948, appellants, without notice to appellee, caused a survey to be made of their property. According to the survey a driveway used by appellee to enter his garage from Hill Street encroached about 4½ or 5 feet upon appellants' lot. Appellant began construction of a rock wall along the west end of the line established by the survey and appellee instituted this suit to enjoin construction of the wall and to quiet title to the driveway which he alleged had been acquired by adverse possession and by an agreed boundary through recognition by the parties and their predecessors in title for a period much longer than seven years.

Appellants' answer denied the allegations of the complaint and asserted that appellee's use of the driveway was permissive. The answer also prayed that a temporary restraining order issued by the court be dissolved and for damages in the sum of $500. Trial resulted in a decree for appellee and the temporary restraining order was made permanent. The court found that a fence between appellee's lot and the adjacent owner on the south had been recognized for many years as the true line between the two properties and that appellee and his predecessor in title had held adverse possession of a parcel extending 50 feet north from said fence and including the driveway in question for more than seven years; that adjoining owners for a long number of years had acquiesced in a boundary line between the lots of appellants and appellee marked by the north line of appellee's driveway; and that appellee was entitled to the free and unobstructed use of said driveway.

Appellants question the sufficiency of the evidence to sustain the decree and contend that appellee failed

to meet the burden of proof required to establish either an easement by adverse possession or an agreed boundary line between the properties.

The parties purchased their lots in 1945. Prior to that time the houses on said lots had been occupied for many years by tenants of the respective owners. The evidence on behalf of appellee discloses that there is a garage and driveway on the north side of appellee's lot and also on the north side of appellants' lot used by each owner of the respective lots or their tenants for more than seven years. W. M. Armstrong owned the lot now owned by appellee for at least 15 years prior to 1936. His widow testified that those residing on the property had used the driveway for the past 26 years and that she and her husband claimed ownership of the driveway. Other neighbors testified to the continued use of the driveway by tenants residing on the lot prior to appellee's purchase in 1945.

Appellee and his wife lived on the lot now owned by appellants from 1942 until the purchase of their lot in 1945, during which time they used the garage and driveway north of the house now owned by appellants while tenants residing on the lot now owned by appellee used the driveway in controversy in this suit. Entrances to the driveways on both lots were cut in the Hill Street concrete pavement or curb about 18 or 20 years ago.

The surveyor who ran the lines for appellants stated that the driveway leading to appellee's garage encroached on appellants' property about 4½ or 5 feet according to the survey. On cross-examination he stated that he checked the true line with reference to two or three old fences in the block and found that the true line would run about five feet south of each fence. One of these is a rock fence which has been recognized as the division line between appellee's lot and the adjacent lot to the south for 30 or 40 years. The effect of his testimony is that, if property lines are adjusted according to the survey, each of the property owners on the west side of the block would be obliged to establish a new line five feet south of the line that has been recognized by the several owners for a long number of years.

The real estate dealer who handled the sale of the lot to appellants stated that he pointed out the lines substantially as established by the survey on information from a former tenant. Appellants testified that they had maintained joint use of the driveway in question since they purchased their lot and that appellee had made statements acknowledging their ownership of the driveway. Appellee denied making such statements and also denied joint use of the driveway.

Appellant Joe Batson testified that he did not claim the driveway north of his house because the survey showed that it belonged to the adjacent owner on the north. He relied on representations made by the real estate agent and did not inquire of the owners or their tenants as to location of the division line.

Appellee and two neighbors made measurements from the old fence dividing appellee's lot and the adjacent lot on the south. According to these measurements all property owners in the west half of the block have the proper amount of land under the court's decree except appellants, who are short about eight inches. The evidence as to these measurements is corroborated by the testimony of the surveyor who ran the lines for appellants.

We have held in a number of cases that where the defendant establishes record title to land in controversy, the burden rests on the plaintiff to sustain his claim of adverse possession by a preponderance of the evidence. Assuming that the survey made in the instant case established record title to a part of the disputed driveway in appellants, we think appellee has met the burden by showing adverse possession and use of the driveway by him and his predecessors in title for more than seven years. The greater weight of the evidence also supports the conclusion that the owners of the two lots and their tenants have established the division line as claimed by appellee by acquiescence and occupation according to such line for many years. An agreement to establish such line may be inferred from such long-continued occupation and acquiescence. Deidrich v.

Simmons, 75 Ark. 400, 87 S. W. 649; Gregory, et al. v. Jones, 212 Ark. 443, 206 S. W. 2d 18.

Appellants insist that possession and use of the driveway by appellee and his predecessors in title were permissive under the rule announced in Boullioun v. Constantine, 186 Ark. 625, 54 S. W. 2d 986, where it was held that use of a way over a stranger's vacant and unenclosed lot was permissive. The lot over which the driveway runs in the instant case is not vacant, but has been occupied and partly enclosed during the years it has been used by the owners and occupants of appellee's lot.

A careful consideration of the testimony leads us to the conclusion that the finding of the chancellor is supported by the preponderance of the evidence. The decree is, therefore, affirmed.