BROWN PAPER MILL COMPANY, INC. *v.* WARNIX.

5-96                                    259 S. W. 2d 495

Opinion delivered July 6, 1953.

418

*Bridges & Young,* for appellant.

*Ed F. McDonald,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant to enjoin the cutting of timber upon land claimed by it and to recover $500 in damages for timber already cut. The only disputed issue is the correct location of the boundary line between two forty-acre tracts. The chancellor dismissed the complaint upon a finding that the plaintiff had not proved its case to the court's satisfaction.

The appellee's land lies immediately west of the appellant's. The area in dispute is a strip about thirty-five feet wide that is claimed by both litigants. To sustain its assertion of title the appellant relies strongly upon the fact that for some fifty years a fence has been maintained on the west side of the disputed strip by the appellee and his predecessors in title. The appellee's enclosed property has been used as a pasture, while the strip in question and the appellant's land to the east have been wild and unimproved. Indeed, the complaint alleges that the disputed strip is not suited for any purpose except the growing of timber.

We agree with the chancellor's conclusion that the mere existence of the fence did not affect the title to the area in controversy. The record does not show that there was ever an agreement upon the fence as the boundary line. A few witnesses testified that they understood the location of the fence to represent the line, but their belief was based merely on the fact that the fence was there and hence added nothing to the physical facts.

On the other hand, there is testimony that Bob Butler, a former owner of the appellee's forty, erected this fence many years ago and deliberately placed it west of his property line in order to leave space for a road on his own land. Of course a landowner who puts his fence inside his boundary line does not thereby lose title to the strip on the other side. That loss would occur only if his neighbor should take possession of the strip and hold it for the required period of years. But here there can be no claim of adverse possession, as the land east of the fence has been wooded all along.

It is also contended that the testimony of surveyors shows the true boundary line to coincide approximately with the appellee's fence. On this issue the trial court apparently credited the testimony of the county surveyor, who had been familiar with this boundary for over thirty-five years and whose survey showed the line to be along the eastern edge of the parcel in controversy. There is other corroborating testimony to indicate that the county surveyor's line agrees with the original government survey.

Although the appellant attacks the accuracy of the county surveyor's measurements, the trouble is that it offers no persuasive substitute. The company employed two surveyors to make independent determinations of the boundary, and these two are themselves in disagreement. To accept any of the three suggested lines is to reject the other two. After studying the record we are not convinced that any one of the three is demonstrably more reliable than the other two. In these circumstances the chancellor rightly held that the plaintiff had not met its burden of proof.

Affirmed.

WARD, J., dissents.