COSSEY *v.* HOUSE.

5-1105                                    296 S. W. 2d 199

Opinion delivered December 10, 1956.

*Fitton & Adams* and *Arnold M. Adams,* for appellant.

*John B. Driver* and *N. J. Henley,* for appellee.

GEORGE ROSE SMITH, J. By this suit the appellants, Coy Cossey and his wife, seek to recover a strip of land which they claim by adverse possession. The appellee Clem House is the record owner of the property. The chancellor found that the plaintiffs' control of the disputed strip has not been of sufficient nature or of sufficient duration to invest them with title by adverse possession. The court accordingly dismissed the appellants' complaint.

The strip in controversy may be described as the north two and a half chains of a forty-acre tract owned by House. In 1924 House bought this tract; he has lived on it ever since. During all that time a few cleared acres in the north part of the forty have been under fence. On the northern edge of the cleared land this fence runs about two thirds of the way across the forty and is two and a half chains south of the north line of the forty acres. Thus the area now in controversy lies for the most part between the fence and the north boundary of House's land. House has paid the taxes upon his forty acres throughout the period of his ownership.

In weighing the appellants' claim of adverse possession we must take as a starting point the fundamental rule that "a landowner who puts his fence inside his boundary line does not thereby lose title to the strip on the other side. That loss would occur only if his neighbor should take possession of the strip and hold it for the required period of years." *Brown Paper Mill Co., Inc.* v. *Warnix*, 222 Ark. 417, 259 S. W. 2d 495. Hence the bare fact that the disputed strip lies outside the fence does not affect House's legal title to the land. It was incumbent upon the appellants, as the plaintiffs in the case, to show by a preponderance of the evidence that they have acquired the title by adverse possession.

The chancellor was right in holding that this burden of proof was not sustained. In 1945 Coy Cossey bought the forty-acre tract lying immediately north of House's land. The tract so acquired by Cossey was completely wild and uninclosed. It is doubtless true that Cossey assumed, as other witnesses in his behalf assumed, that the fence along the north edge of House's cleared land marked the boundary between the two forty-acre parcels, but a mere subjective belief cannot transfer the title to land. *Ball* v. *Messmore*, 226 Ark. 256, 289 S. W. 2d 183. There is also testimony that House himself considered the fence to be on the line, but the chancellor accepted House's statement that he did not know where the line was until its location was determined by a survey in 1952.

To sustain their assertion of title by prescription the appellants were required to prove that they had actual, physical, continuous, hostile possession of the disputed strip for seven years. That proof is lacking. Soon after his purchase in 1945 Cossey cut the timber all the way down to House's fence without any objection from House, who was in fact employed to assist in skidding the logs. But, as we have said, House did not then know where the line was. In about 1947 Cossey planted a strawberry patch on some three quarters of an acre on his side of the fence and tended it for four or five years. There is no other proof of physical possession of the property on the part of the appellants; so it cannot be said that they exercised dominion over the land for a continuous period of seven years.

Affirmed.