NEELY *v.* JONES.

5-2170                                         337 S. W. 2d 872

Opinion delivered September 12, 1960.

*Howard & McDaniel, Barrett, Wheatley, Smith & Deacon,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

GEORGE ROSE SMITH, J. This boundary line dispute involves the ownership of a strip of land, less than an acre, lying between the appellants' property to the east and the appellees' property to the west. The case began as an action in ejectment but was later transferred to equity. At the close of the plaintiffs' proof the chancellor sustained a demurrer to the evidence, and this appeal is from the ensuing order of dismissal. The only question is whether the demurrer to the evidence was properly sustained. This depends, under our holding in *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, upon whether the proof, viewed in its most favorable light, would have presented a question of fact for the jury if the case had been tried at law.

The appellees have record title to a tract of about ten acres, which includes the strip now in controversy.

Some twenty or more years ago their predecessors in title erected a fence near their eastern boundary, but for some reason not disclosed by the record the disputed strip was left outside the fence. The appellants' land, a three or four acre tract, lies just east of the strip in question and includes a dwelling house that has been occupied by the appellants and their predecessors in title. Except for a few isolated acts neither the appellants' actual possession nor that of their predecessors has extended to the disputed strip, which is largely made up of gullies not suited to cultivation or other use. This litigation arose in 1959 as a result of the appellees' having moved the fence over to the true line and having thereby attempted for the first time to exercise dominion over the area in controversy.

We are of the opinion that the demurrer to the evidence should have been overruled, for the appellants' proof raised a question of fact as to the existence of a boundary by acquiescence. As we said in *Tull* v. *Ashcraft,* 231 Ark. 928, 333 S. W. 2d 490: "We have frequently held that when adjoining landowners silently acquiesce for many years in the location of a fence as the visible evidence of the division line and thus apparently consent to that line, the fence line becomes the boundary by acquiescence. [Citing cases.]" In such cases the existence of a boundary line by acquiescence is an issue of fact, to be determined upon the evidence in each individual case. Thompson on Real Property (Perm. Ed.), § 3309. In the record now before us there is substantial evidence to support the view that the landowners' tacit recognition of the fence line for more than twenty years created a new boundary line.

The appellees rely principally upon *Cossey* v. *House,* 227 Ark. 100, 296 S. W. 2d 199, where we said that "a landowner who puts his fence inside his boundary line does not thereby lose title to the strip on the other side. That loss would occur only if his neighbor should take possession of the strip and hold it for the required period of years." We adhere to the basic principle followed in the *Cossey* case, but there are at least two important

points of distinction between that case and this one. First, there the adjoining land on the far side of the fence was wild and unimproved, so that its owner could hardly be regarded as having consciously acquiesced in the fence as a boundary line. Here the fact that both tracts have been improved and occupied might well support an inference that the fence has been accepted as the line. Secondly, the *Cossey* case was tried upon its merits; the question on appeal was where the preponderance of the evidence lay. Here the trial court's action in sustaining a demurrer to the evidence can be affirmed only if the plaintiffs offered no substantial testimony upon the controlling question of fact. We are unable to say that their proof falls completely short of establishing a *prima facie* case.

Reversed and remanded.