WESTON *v.* HILLIARD.

5-2196                                    338 S. W. 2d 926

Opinion delivered October 10, 1960.

*Thomas, Phillips & Warner,* for appellant.

*Wood, Chesnutt & Smith,* by *James W. Chesnutt,* for appellee.

GEORGE ROSE SMITH, J. This is a boundary line dispute between the owners of two adjoining forty-acre tracts. For about fifty years the line now in controversy was marked by a fence that was maintained between the two forties. In 1959 the appellant, who owns the tract lying east of the disputed line, attempted to extend his possession by the construction of a new fence along what he contends to be the true line, which lies from 37½ to 62 feet west of the old fence. The appellee then filed this suit for an injunction, and the chancellor found the old fence line to be the correct boundary.

The proof is amply sufficient to show that the fence line became the established boundary by acquiescence. The Hilliard property was occupied by the appellant's parents from 1909 until her mother's death in 1941. During those years the Weston land was occupied either by the appellant, who bought it in 1926 or 1927, or by his predecessor in

title. For thirty-two years the adjoining owners silently acquiesced in the location of the fence as the visible evidence of the boundary line. These facts bring the case within the principles recently reaffirmed in *Tull* v. *Ashcraft*, 231 Ark. 928, 333 S. W. 2d 490, and *Neely* v. *Jones*, 232 Ark. 411, 337 S. W. 2d 872. The appellant relies upon *Cossey* v. *House*, 227 Ark. 100, 296 S. W. 2d 199, but that case was distinguished in *Neely* v. *Jones*, *supra*, and need not be discussed again.

The appellant urges two other points for reversal. First, he insists that the trial court erred in refusing to permit him to prove that at some time after 1941 he acquired title to the disputed strip by adverse possession. The record does not support this contention. It merely appears that the appellee's attorney objected to one question on the ground that adverse possession had not been pleaded; but the court made no ruling, and in any event the appellant is not in a position to complain, as he failed to show what the proffered testimony would have been. *Wallace* v. *Riales*, 218 Ark. 70, 234 S. W. 2d 199.

Secondly, the appellant contends that after 1941 the Hilliard land was wild and unimproved and that therefore he acquired title to the full extent of his governmental subdivision of forty acres (including the disputed strip) by the payment of taxes for more than seven successive years. Ark. Stats. 1947, §§ 37-101 and 37-102. In answer to this contention it is enough to say that the proof does not show that the Hilliard land was unimproved and uninclosed for seven years after 1941. The house was unoccupied and eventually fell into disrepair, but it appears that the dwelling was still standing at the date of trial. It is also indicated that underbrush had grown up to some extent while the land was unoccupied. The present point, however, was not really developed at the trial, and the proof falls decidedly short of showing that the property had reverted to its original natural state and thus could be found to have become unimproved and uninclosed within the intent of the statute. See *Moore* v. *Morris*, 118 Ark. 516, 177 S. W. 6.

Affirmed.