CARNEY *v.* BARNES.

5-2203                                     338 S. W. 2d 928

Opinion delivered October 10, 1960.

*Douglas Bradley*, for appellants.

*Gerald E. Pearson*, for appellees.

JIM JOHNSON, Associate Justice. This case involves a boundary line dispute. Appellants H. A. Carney and

Olva Carney, his wife, own a farm in the Western District of Craighead County. This farm is situated immediately north of the farm owned by appellees D. A. Barnes and Ethel Barnes, his wife. Appellee Lloyd Browning is a tenant on the Barnes farm. The disputed boundary line runs between these two farms.

At the conclusion of appellants' proof, appellees filed a written demurrer to the evidence which was sustained by memorandum opinion of the court. Appellants made formal objections and were granted leave to file specific objections to the court's ruling which were duly filed, and the court thereafter entered its order sustaining the demurrer and dismissed appellants' complaint, from whence comes this appeal.

The only real question presented here is whether the demurrer to the evidence was properly sustained. This depends under our holding in *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, upon whether the proof, viewed in its most favorable light, would have presented a question of fact for the jury if the case had been tried at law.

Viewing appellants' proof under this rule, we find evidence to the effect that as early as the year 1921 there existed a woven wire fence with two strands of barb wire between appellants' land and the adjoining owner to the South and said fence and/or fence row remained in position through the years until the Spring of 1959. The record gives the exact geographic location of most of that fence. In the Spring of 1959 appellee Barnes (owner of South Farm) tore the fence down, or what remained thereof, and cleared out and disked down the elevation of the fence row and cut ditches across the fence row and the land immediately beyond, draining his land to the North thereby changing the drainage from a natural southern and eastern flow to a northern and western flow into an old slough bed on appellants' farm which had no natural outlet.

Appellant had possession and claimed ownership of all the lands lying North of the fence and fence row from the time of his purchase in 1938, and former adjoining owners to the South, at least as early as 1941 and 1946,

acquiesced in the fence and fence row being the line between the adjoining owners. Appellees acquiesced in the fence and fence row being the line between the adjoining owners until the Spring of 1959.

Certainly we cannot say that the proof set out above is not substantial upon the controlling question of fact. Therefore, we must conclude as we did in the recent case of *Neely* v. *Jones*, 232 Ark. 411, 337 S. W. 2d 872:

"We are of the opinion that the demurrer to the evidence should have been overruled, for the appellants' proof raised a question of fact as to the existence of a boundary by acquiescence. As we said in *Tull* v. *Ashcraft*, 231 Ark. 928, 333 S. W. 2d 490: 'We have frequently held that when adjoining landowners silently acquiesce for many years in the location of a fence as the visible evidence of the division line and thus apparently consent to that line, the fence line becomes the boundary by acquiescence. [Citing cases.]' In such cases the existence of a boundary line by acquiescence is an issue of fact, to be determined upon the evidence in each individual case. Thompson on Real Property (Perm. Ed.), § 3309."

Reversed.