NEELY v. JONES.

5-2647

354 S. W. 2d 726

Opinion delivered March 12, 1962.

*W. B. Howard* and *Barrett, Wheatley, Smith & Deacon,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

GEORGE ROSE SMITH, J. This is a boundary dispute that began as an action at law and was later transferred to equity. At the first trial the chancellor sustained the defendants' demurrer to the plaintiffs' evidence and dismissed the complaint. We reversed that decree, finding that when the testimony was viewed in the light most favorable to the plaintiffs there was some substantial evidence to support their contention that a fence line had become the boundary by long acquiescence. *Neely* v. *Jones*, 232 Ark. 411, 337 S. W. 2d 872.

Upon remand the chancellor considered the case upon the original reported testimony, some slight additional proof, and a personal view of the property. In a written opinion he concluded, and we agree, that the plaintiffs' contentions had not been established by the weight of the evidence. The court accordingly adjudged the title to the disputed strip to be in the defendants.

The appellants now argue a single point, that the opinion upon the first appeal became the law of the case and, in view of the absence of any additional material proof, obliged the chancellor to decide the issues in favor of the plaintiffs. In the course of their brief counsel state their position in this way: ''We would like to know just what is the difference between a chancellor sustaining a demurrer to certain evidence and deciding litigation the same way on the same evidence.''

There is a very important difference. Ever since the decision in *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, we have consistently held that a demurrer to the plaintiff's evidence should be sustained only if that proof, viewed in its most favorable light, would present no question of fact for a jury if the case were being tried at law. In such a situation the chancellor does not exercise fact-finding powers that involve determining questions of credibility or of the preponderance of the evidence. *Brock* v. *Bates,* 227 Ark. 173, 297 S. W. 2d 938. Hence our decision on the first appeal meant only that if the case had been heard at law upon the plaintiffs'

814

evidence it would have been error to direct a verdict for the defendants.

Upon remand the defendants eventually rested their case, and the cause was submitted upon the merits. Then, for the first time, it was proper for the chancellor to weigh the evidence and determine where its preponderance law. He was not obliged to find for the plaintiffs, any more than a jury would have been if the case had been retried at law after having been reversed for the trial court's error in directing a verdict for the defendants. Thus our decision upon the first appeal did not preclude the chancellor from finding, even upon the original proof alone, that the plaintiffs had not proved their case by a preponderance of the evidence.

Affirmed.