PALMER *v.* NELSON.

5-2823                                          361 S. W. 2d 641

Opinion delivered November 12, 1962

*Claude F. Cooper,* for appellant.

*Rhine & Rhine,* for appellee.

GEORGE ROSE SMITH, J. This dispute involves the boundary line, three quarters of a mile in length, that separates the appellant's land on the east from the appellees' land on the west. In this suit, brought by the appellant, the chancellor fixed the line according to a fence and a turnrow that have marked the boundary for many years and that vary from the government survey by as much as 61 feet. The appellant contends in effect that the decree is against the weight of the evidence.

When adjoining landowners acquiesce for many years in the location of a fence as the visible evidence of the line and thus apparently consent to that line, the fence line becomes the boundary by acquiescence. *Carney* v. *Barnes*, 232 Ark. 549, 338 S. W. 2d 928; *Tull* v. *Ashcraft*, 231 Ark. 928, 333 S. W. 2d 490. Although a boundary by acquiescence is usually represented by a fence, the same reasoning applies when a turnrow, a lane, a ditch, or some other monument is tacitly accepted by the landowners as the visible evidence of the dividing line.

In case at bar the preponderance of the evidence supports the conclusion that the line fixed by the trial court has become the boundary by long acquiescence.

This suit was filed in 1960. Hobert Nelson, one of the appellees, testified that his family had owned the Nelson land ever since his father bought it in 1941. This witness states that when the elder Nelson acquired the property the disputed line was marked by a fence where the land was in woods and by a turnrow where it was in cultivation. Later the Nelsons extended the fence for some distance along the turnrow. Hobert testified positively that he and his father cultivated their fields up to the turnrow, claiming ownership, and that their neighbors cultivated up to the turnrow on the other side. Nelson's testimony is corroborated by several other witnesses, by aerial photographs, and by surveys that show the location of the fence-turnrow line.

The appellant knew nothing about his tract until he bought it from E. W. Whitlock in 1958. Whitlock testi-

704

fied that his father purchased the land in about 1941. This witness did not deny that the boundary was marked through the years by the fence and turnrow. He said in substance that he and his father did not know just where the true line was, but he admitted that there had never been any controversy between the Nelsons and the Whitlocks about the boundary. On the whole case we are convinced that the chancellor was right in adopting the line that was openly marked and tacitly accepted by the parties and their predecessors in title for nearly twenty years.

Affirmed.