BROCKMAN *v.* ROWELL.

5-2801                                                    362 S. W. 2d 678

Opinion delivered December 3, 1962.

[Rehearing denied January 7, 1963.]

*Brockman & Brockman,* for appellant.

*Jay W. Dickey,* for appellee.

NEILL BOHLINGER, Associate Justice. This case involves a dividing line between Lots 7 and 8, Block 36, J. W. Monk's Western Addition to the City of Pine Bluff, Arkansas.

Mrs. E. W. Brockman, Sr., is the holder of record title to Lots 8, 9 and 10 in Block 36 of J. W. Monk's Western Addition, having acquired the property by deeds

from her husband and son, and J. W. Brockman, Sr., her predecessor in title, who had owned the property since 1946.

In 1956 the appellee, Hendrix Rowell, acquired Lots 6 and 7 in Block 36, less that part which had been taken for highway purposes. There appears to have been no dispute as to the original boundary line between Lots 7 and 8, but more than seven years prior to 1956 a fence had been constructed west of the original boundary line dividing the two pieces of property. In 1956 the fence was removed by Rowell or his agents. Mrs. Brockman claims that she, and her predecessor in title, have held the property from the fence east to Lot 8 adversely for more than the statutory period and have thereby acquired title. Three surveys of this property have been put into the record. The first, by J. H. Gould, dated November 15, 1955; a survey by Walter Combs, county surveyor, July 12, 1960; and a plat by Chris L. Wright dated March 14, 1956. In the Combs survey there is shown an old fence line which is five and one-half feet west of the true dividing line between Lots 7 and 8, but as to this fence line, the county surveyor testified that he did not find the old fence line and had inserted it in the plat at the suggestion of the appellant. The court properly refused to consider that survey. The Chris L. Wright survey appears in more detail than the others.

Lot 7, prior to its acquisition by the appellee, had been owned by Susie Hamilton. Susie Hamilton had a fence that was close to the fence which the appellant's predecessor in title had constructed to mark the west line of Lot 8. It appears that Susie Hamilton, while still the owner of Lot 7, built a garden fence next to appellant's fence using small oak posts. She asked permission to attach her fence to the west side of the fence which the appellant had constructed and that appears to have been done. This is the fence line which appellees' witness, Wright, identified and showed on his plat as running parallel with the true property line and one foot west of that line.

The chancellor found that Brockman had a fence which was one foot west of the true property line and that the owner of Lot 7 acquiesced in that as a true line. We have frequently held that when adjoining land owners acquiesce for many years in the location of a fence as the visible evidence of the division line and thus apparently consent to that line, the fence line becomes the boundary line by acquiescence. *Tull* v. *Ashcraft*, 231 Ark. 928, 333 S. W. 2d 490. See also *Carney* v. *Barnes*, 232 Ark. 549, 338 S. W. 2d 928.

In the very recent case of *Palmer* v. *Nelson*, opinion November 12, 1962, we had a case involving an agreed boundary and this language was used:

"When adjoining land owners acquiesce for many years in the location of a fence as the visible evidence of the line and thus apparently consent to that line, the fence line becomes the boundary by acquiescence."

The record leaves no doubt that Hamilton and Brockman agreed on that line and each put the fence at the agreed spot and the proof further supports the contention that thereafter Brockman continued in possession of that one foot strip of land on the east side of Lot 7 adversely. The finding of the chancellor on this point is correct and is affirmed.

The appellant has asked damages for trespassing on her property at various times but there is no showing as to who trespassed, for how long, or any damages which the appellant sustained thereby if a trespass was made. Therefore, the court was correct in refusing damages for the trespass alleged by the appellant.

The court's action in dismissing as to the Arkansas. Power and Light Company and Southwestern Bell Telephone Company is also affirmed.

HARRIS, C. J., not participating.