CARNEY *v.* BARNES.

5-2779                                         363 S. W. 2d 417

Opinion delivered December 10, 1962.

[Rehearing denied January 28, 1963.]

*Douglas Bradley,* for appellant.

*Gerald E. Pearson,* for appellee.

NEILL BOHLINGER, Associate Justice. This is a boundary line dispute and involves a very small piece of inadequately described property adjacent to the holdings of appellants and appellees in the East ½ of Section 13, Township 15 North, Range 2 East.

The appellants are the owners of 44 acres in the NE ¼ of Section 13, Township 15 North, Range 2 East and the appellees are the owners of 44 acres immediately south of the lands belonging to the appellants, the properties being separated by a county road running east and west.

The true line, which is the southern boundary of the lands of the appellants and the northern boundary of the lands of the appellees, appears to have been well established by an adequate survey. But the appellants contend that at some period there had been established a fence line south of the true line which was accepted by the then owners of the property as an agreed boundary line.

It is true that the surveyor found, and other witnesses have supported his finding, that a fence had existed from an eighteen inch white oak tree approximately midway of the north line of the appellees' property west to the established corner at the northwest corner of appellees and the southwest corner of appellants' property. Remnants of the fence still exist and this fence line is south of the true line and south of the county road. Toward the western boundary of appellees' property the county road appears to turn sharply to the north which leaves approximately fifteen feet between the old fence line and the road.

The appellants contend that on this particular fifteen feet and along 445 feet lying between the old fence line and the county road appellees have encroached on property which appellants contend is theirs and appellees have cultivated the property out to the county road.

The case hinges on whether or not the old fence and the fence row was an agreed line between the two pieces of property. While the construction and maintenance of a division fence, when mutually regarded as a boundary, may constitute recognition and acquiescence, mere existence of a fence between adjoining land owners is not of itself sufficient. There must, therefore, be a mutual recognition of the fence as the dividing line.

The property owned by the parties hereto was formerly part of what is known as the Tulley estate. Silas Tulley, who owned the land involved and which he sold in the early 1930's, was the owner when the county road was put through this area. He is in a better position than any other witness as to the erection of the fence and he testified that he had a fence on the north line of his property and that when the road was put there his fence was moved back south from the line; that at that time he knew where the true line was and that it was north of where his fence was moved; that the road was put there in about 1924 and that he knew at that time where the true line was and he was claiming to the true line which was north of his fence.

We fail to find in the record the testimony of any of the subsequent owners of this property in which it is shown that the parties agreed on the old fence as a boundary line, nor is there such a mutual recognition and acceptance of that fence as a boundary line that would constitute acquiescence. The appellees and their predecessors in title appear to have cleaned off the disputed strip between the fence row and the true line and up to 1959 the appellees appear to have exercised control normally associated with ownership over the disputed strip of land. 1959 appears to have been the first year that an attempt was ever made to cultivate the area in dispute and in that year the appellees planted some beans on the disputed land and the

appellants came over and disced up appellees' beans and planted that strip for themselves.

As we recently said in the case of *Webb* v. *Curtis,* 235 Ark. 599, 361 S. W. 2d 87:

" * * * a landowner who puts his fence inside his boundary line does not thereby lose title to the strip on the other side. That loss would occur only if his neighbor should take possession of the strip and hold it for the required period of years." Citing *Cossey* v. *House,* 227 Ark. 100, 296 S. W. 2d 199.

There is an absolute lack of testimony that Mr. Tulley or his successors in title ever intended to claim anything except to the true line which is as we stated, north of the old fence. The old fence would, therefore, appear to have been erected as a barrier and not as a boundary and we find nothing in this case that is in any way persuasive that anybody ever agreed to the old fence as a boundary between the properties involved and certain it is that the appellees have exercised the usual perogative of ownership in cleaning up the land in question and the only venture that we find by the appellants onto the land involved is the attempt to plant a small area in beans at the west end of the property adjacent to the old slough and that entrance was as recent as 1959.

While it is ordinarily contemplated that a county road order will be entered setting out the county road and defining the boundaries, that does not appear to have been done in this case, but strange indeed would be the theory that if a man erected a fence as a barrier adjacent to a county road that the land between his fence and the road would be subject to entry by the landowner on the other side of the road.

The chancellor very properly found that the appellants had failed to maintain the issues that devolved upon them and that finding we affirm.