WILLIAMSON *v.* RAINWATER.

5-3039                                               370 S. W. 2d 443

Opinion delivered September 16, 1963.

*McDaniel, Ward & Mooney,* for appellant.

*Ponder & Lingo,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Mrs. Willie B. Williamson, filed this suit alleging that she owns lands in Section 5, Township 15 North, Range 1 East, in Lawrence County; that appellee, R. S. Rainwater, owns adjoining lands in Section 4; that Rainwater intended to dig a drainage ditch on appellant's property and asked that he be enjoined. The Chancellor held that appellant failed to meet the burden of proving by a preponderance of the evidence that the ditch, when dug, would be on her property. The complaint was, therefore, dismissed.

In his answer, appellee alleged, among other things, that Mrs. Williamson's husband, now deceased, an owner by the entirety, had built a fence on the line appellee maintains is the correct one, and that all parties recognized such fence as being the dividing line. The ditch is located east of the fence—on Rainwater's side of the fence.

Appellant argues that the preponderance of the evidence shows that the true section line is about 50 feet east of the location of the fence. But even so, if the fence was recognized for a long time by the parties in interest as the dividing line between the properties, according to many decisions of this court, the fence will be recognized by the courts as the dividing line. *Deidrich* v. *Simmons,* 75 Ark. 400, 87 S. W. 649; *Gregory* v. *Jones,* 212 Ark. 443, 206 S. W. 2d 18; *Batson* v. *Harlow,* 215 Ark. 476, 221 S. W. 2d 17; *Tull* v. *Ashcraft,* 231 Ark. 928, 333 S. W. 2d 490; *Weston* v. *Hilliard,* 232 Ark. 535; 338 S. W. 2d 926; *Stewart* v. *Bittle,* Law Reporter, May 27, 1963.

Mr. Williamson built the fence about 1946. It was constructed on or only a few feet from a line, marked by blazed trees, established by appellee, Rainwater, several years previously when he purchased Section 4. There is

no doubt that both Mr. Williamson and Mr. Rainwater acquiesced in the theory that the fence was on the true line. In the first place, Mr. Williamson built the fence. It is not likely that he would have left 50 feet of his land outside his fence. He may have built the fence a few feet from what he considered the section line in order to give him control of the fence, but surely he would not have intentionally left 50 feet of his land outside the fence. There does not appear to be any topographical reason for putting the fence at one place rather than the other.

In 1953 Mr. Rainwater started clearing his land with a bulldozer and cleared right up to the fence. Mr. Williamson was present and made no complaint. In fact, in the absence of Mr. Rainwater, he pointed out the fence as being the line to the operator of the bulldozer. Later, Mr. Williamson and Mr. Rainwater walked over the property and the only suggestion made by Mr. Williamson was that a tree that had fallen on the fence should be removed to preserve the fence. Subsequently, Mr. Williamson had some of his land cleared right up to the fence and no further.

It cannot be said that the preponderance of the evidence shows that appellant has ever at any time had possession of any of the land east of the fence. In the circumstances we think the fence was established as the dividing line by the acquiescence of the parties.

Affirmed.