DeSalvo v. Williams.

5-3100                                          372 S. W. 2d 268

Opinion delivered November 18, 1963.

*Francis T. Donovan* and *Guy H. Jones,* for appellant.

*George F. Hartje, Jr.,* for appellee.

Sam Robinson, Associate Justice. This is a property line dispute between adjoining landowners concerning a strip of land about 10 feet wide and 900 feet in depth. In 1947 the appellees, Walter and Thelma Williams, bought their property, about 2½ acres, measuring 125 feet across the front and about 900 feet in depth. There was a nice dwelling house on the property with a driveway running from the highway on the north, in front of the property, up to the west side of the house. About 15 feet to the west of the house there was a wire fence running north and south the entire 900 foot depth of the property. Without objection Mr. Williams testified that James Fugatt, from whom he purchased, told him that

it was his fence; that he had built it, and that it was on the line or did not miss it much.

Fugatt had purchased the property from Cleve Berry, who also owned the adjoining property to the west. From the time of the purchase from Fugatt, Mr. and Mrs. Williams claimed to own up to the fence. The fence appeared to be the division line between the two properties, and during the entire 15 years that Berry owned the property on the west, following the purchase of their property by Mr. and Mrs. Williams, Berry never said or did anything to indicate that he did not consider that the fence was the line. In fact, in 1947 he asked the Williams for permission to put another strand of barbed wire on the fence, thereby acquiescing in the fence as the line. A property line can be established by long acquiescence. *Stewart* v. *Bittle,* 236 Ark. 716, 370 S. W. 2d 132; *Weston* v. *Hilliard,* 232 Ark. 535, 338 S. W. 2d 926; *Tull* v. *Ashcraft,* 231 Ark. 928, 333 S. W. 2d 490.

Moreover, Mr. and Mrs. Williams have been in adverse possession of the strip of land for more than seven years. Mrs. Williams testified:

''Q. Have you and husband held this property up to the fence?

A. Yes, sir. We have tried to keep it up.

Q. Have you claimed the property up to the fence?

A. Yes, sir.

Q. When you say you have tried to keep it up, what have you done?

A. Well, we have tried to keep the driveway built up and we have tried to keep trees and shrubbery set out. We've not got—I've always tried to keep it clean, you know, because it is such a fire hazard down there the side from Mr. Berry's. And—

Q. Go ahead.

A. That's you know we didn't want our house to catch afire. If his land caught afire.''

Floyd Williams, son of appellee, Walter Williams, testified that his father had mowed the land east of the fence and kept it up.

In October, 1962, appellants, James DeSalvo and his wife, purchased from Berry two 2½ acre tracts west of the Williams' property. One of the tracts joins Williams. Subsequent to the time of purchase, the DeSalvos had the property surveyed. According to the survey, the line between the Williams' property and the DeSalvo land appears to be about the middle of the Williams' driveway leading from the street to the Williams' garage, which was built in 1961 and adjoins their house. The survey line is about 10 feet east of the fence which was there when the Williams' bought the property in 1947. The survey line runs through the middle of the Williams' garage.

At the time the DeSalvos bought from Berry, the fence was in place only two or three feet west of the Williams' garage. Any reasonable person would have considered that the fence was the line. Certainly no person would have thought the property line ran through the Williams' garage, and yet that is what the appellants now claim.

Berry still owns other property adjoining the DeSalvos on the west, and to make up for the 10 foot strip in controversy, Berry offered to give the DeSalvos 10 feet of land of the same kind and value as the land in dispute, but the DeSalvos refuse the offer.

We cannot say the Chancellor's decree is against the preponderance of the evidence.

Affirmed.