INTERNATIONAL PAPER CO. *v.* WARNIX.

5-3247                                                377 S. W. 2d 162

Opinion delivered April 6, 1964.

*Gaughan & Laney,* for appellant.

*Ed F. McDonald,* for appellee.

JIM JOHNSON, Associate Justice. This suit arises from a boundary line dispute. A similar controversy between appellee and appellant's predecessor in title was involved in a prior suit, *Brown Paper Mill Co., v. Warnix,* 222 Ark. 417, 259 S. W. 2d 495. In that suit Brown Paper Mill Company sought to enjoin appellee Warnix from cutting timber on land claimed by Brown Company and to recover damages for timber already cut. At that trial

appellee presented the testimony of the county surveyor relative to his survey of the boundary line. Brown Company disputed the accuracy of the county surveyor's measurements, but offered ''no persuasive substitute'' in that Brown Company employed two surveyors who disagreed with each other and with the county surveyor. This court ruled, ''To accept any of the three suggested lines is to reject the other two. After studying the record we are not convinced that any one of the three is demonstrably more reliable than the other two. In these circumstances the chancellor rightly held that the plaintiff had not met its burden of proof.''

In the case at bar appellant, International Paper Company, successor to Brown Paper Mill Company, Inc., filed a complaint on August 13, 1962, in Grant Chancery Court to enjoin appellee W. F. Warnix from cutting or removing any timber ''east of a marked and visible line established and maintained by plaintiff . . . between Section 33 and 32,'' praying that plaintiff's title be quieted and confirmed against defendant (appellee) and that the boundary line between the lands be established as marked by plaintiff. A temporary injunction was then issued. Appellee filed a general denial and thereafter an amended answer and cross-complaint in which he denied that he claimed any land east of the original line, and further denied that he had any notice or warning of the repainting of any lines contrary to that which he had blazed out, and cross-complained for damages in the sum of $500.00.

At trial of the cause on July 5, 1963, the chancellor found that the parties stipulated that the issue is the true location of the line, and found that the preponderance of the evidence proves that the true line is the one claimed by appellee, that the temporary injunction should be dissolved and appellee on his cross-complaint should be awarded $100.00 as damages. From this decree appellant has appealed, urging three points for reversal.

Appellant's first point is, ''The location of the line between appellant's and appellee's land is res adjudicata

having been adjudged to be located as contended here by appellant. The trial court erred in refusing to recognize the line as determined in *Brown Paper Mill Co. Inc. v. Warnix, supra.*" Both parties seem to be under the misapprehension that this court adopted a line in the Brown case. On the contrary—this court specifically refused to select a line and stated that, "After studying the record we are not convinced that any one of the three [lines] is demonstrably more reliable than the other two." This court simply upheld the ruling that Brown Company had not met its burden of proof.

Appellant's second point urged for reversal is that the clear preponderance of the evidence shows that the parties have accepted the line contended for by appellant. Three of appellant's employees testified to marking a line with aluminum paint in 1958, following old red markings two-thirds of the way, which they understood and believed to be the true boundary line, and that they did so with appellee's knowledge, consent and acquiescence. These three witnesses are apparently well qualified as foresters; however none of them claimed to be surveyors or to have worked with a surveyor in locating this line; none of them testified to starting from a recognized corner, but testified that they had measured a certain number of feet from an existing fence which was some distance from the section corner. Appellee, on the other hand, denied that he had consented or acquiesced in that line and testified that the old red markings were those of a timber estimator who had cruised the timber and that the boundary line was in a different location, well-blazed by earlier surveys. Appellee and several of appellee's witnesses testified to being present and working in a survey party some years earlier and testified to where they understood the true line to be, describing the particular surveyor's individual blaze as well as the section corner blaze with which this line corresponded. Reviewing the record on trial de novo, considering the disputed testimony on this point as well as the uncontradicted testimony of appellee relative to his damages (appellant's third point), we cannot say that the chan-

cellor's findings are against the preponderance of the evidence and must therefore affirm the trial court.

HARRIS, C. J., and GEORGE ROSE SMITH and FRANK HOLT, JJ., dissent.

GEORGE ROSE SMITH, J., (dissenting). I think our decision in *Brown Paper Mill Company* v. *Warnix* is *res judicata*.

In the first case the plaintiff Brown alleged in its complaint that it was the owner of a strip of land about 50 feet wide bounded on the west by an old wire fence and on the east by a blazed line marked with red paint. Warnix filed a general denial. Lamb, the county surveyor, testified that the true line between the two forty-acre tracts was in fact about 80 feet east of the fence. That 30 feet, lying at a distance of from 50 to 80 feet east of the fence, is the property now in dispute.

In the *Brown* case the chancellor's decree found that "the allegations contained in the complaint of the plaintiff have not been proved to the satisfaction of this court; That the defendant is the owner of the lands described in the complaint of the plaintiff; that plaintiff's complaint should be dismissed." In affirming that decree we said that "[t]he only disputed issue is the correct location of the boundary line between two forty-acre tracts."

A judgment is *res judicata* not only with respect to matters that were actually litigated but also with respect to matters that were within the issues and might have been litigated. *Thomas* v. *McCullum*, 201 Ark. 320, 144 S. W. 2d 467. Thus the question now before us is whether the true location of the common boundary line was in issue in the earlier case.

It seems to me that it was. That case was in essence a boundary line dispute. Brown asserted that it owned the 50-foot strip lying immediately east of the fence. Warnix denied that assertion. By implication the issue was simply which of the two lines constituted the boundary. If Warnix intended to claim still another 30 feet,

as he does now, he should have pleaded his ownership and insisted that it be recognized in the decree. Instead the decree, which presumably was prepared by Warnix's lawyer, merely declared that he owned the 50-foot strip described in the complaint.

Lawsuits ought not to be tried piecemeal. Warnix had his opportunity to claim the additional 30 feet in the first case, but, despite the favorable testimony of the county surveyor, he failed to do so. That should conclude the matter. In fact, the decree now before us again dismisses the complaint for want of equity. If the majority are correct then it seems that Warnix is free to claim still more land in a third case. I would hold that the first decision fixed the line as being 50 feet east of the fence.

HARRIS, C. J., and HOLT, J., join in this dissent.