HOSKINS *v.* COOK

5-3537 388 S. W. 2d 914

Opinion Delivered April 12, 1965.

*Fenton Stanley,* for appellant.

*Bridges, Young, Matthews & Davis, G. W. Lookadoo,* for appellee.

GEORGE ROSE SMITH, J. This is primarily a boundary line dispute between the appellee Eunice K. Batchelor and the other appellees and cross-appellants, Albert and Bill Cook. The appellant, D. W. Hoskins, is Mrs. Batchelor's tenant and joined her as a plaintiff in the case. The chancellor upheld Mrs. Batchelor's claim to the strip of land in dispute and fixed Hoskins' crop damage at $50, a sum which he thinks to be inadequate.

We consider first the principal controversy between Mrs. Batchelor and the Cooks. It is conceded that Mrs. Batchelor holds the record title to the strip in dispute, which lies just east of a portion of the western boundary of Section 27. The Cooks' property lies in Section 28,

abutting the disputed strip on the west. They contend that, despite Mrs. Batchelor's record ownership, a boundary by acquiescence has been established by reason of the fact that for many years a fence was maintained along the eastern border of the strip now in question.

Both the location of this fence and its recognition by the parties as a dividing line were questions of fact that were sharply disputed. After studying the testimony we are unable to say that the chancellor's decision is against the weight of the evidence.

Most of the parties' two tracts has been cleared land for many years, but that has not been true of the strip in controversy. A slough, which seems usually to contain at least some water, meanders in a northerly direction in the vicinity of the true line between Sections 27 and 28. The rest of the disputed strip, lying east of this slough, was wooded land until Mrs. Batchelor employed a crew in 1963 to clear the land by using bulldozers. The fence described by the Cooks' witnesses was nailed to trees within this wooded area. The Cooks insist that this fence was maintained for so many years that it became the division line by acquiescence. Mrs. Batchelor, however, offered equally persuasive proof that the fence was actually along the bank of the slough and was not intended to be a division line.

If the fence had divided pasture land or cultivated fields on both sides of it, its maintenance for many years would strongly indicate the existence of a boundary by acquiescence. But when a fence has been nailed to trees in a timbered area, there is much less reason to suppose that the landowners meant to regard it as a division fence. See *Brown Paper Mill Co.* v. *Warnix,* 222 Ark. 417, 259 S.W. 2d 495. With the testimony in irreconcilable conflict we are not convinced that the Cooks proved their contention by a preponderance of the evidence.

Hoskins, the tenant, sought damages upon the theory that the Cooks had obstructed a drain pipe that emptied in or near the slough, with the result that about eight acres of oats were destroyed by standing water. At the princi-

pal hearing in the case Hoskins testified what the market value of the crop would have been if it had matured and had been gathered. That is not the correct measure of damages, for the expense of harvesting and marketing the crop must be deducted. *St. Louis S.W. Ry.* v. *Morris,* 76 Ark. 542, 89 S.W. 846; *Barnes* v. *Young,* 238 Ark. 484, 382 S.W. 2d 580. In the absence of such proof the chancellor's award cannot be said to be inadequate.

There was a supplemental hearing upon the question whether the Cooks had, as directed by the court, removed the obstructions they had put in the pipe draining the Batchelor land. We are unable to say either that the chancellor abused his discretion in refusing to allow the case then to be reopened for additional proof of damages, *Troxler* v. *Spencer,* 223 Ark. 919, 270 S.W. 2d 936, or in finding, upon conflicting proof, that the pipe had been effectively restored to its full usefulness.

Affirmed.